NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
May, 1881.

## SMITH v. BIXBY.

*In the matter of the estate of* EUGENIA J. SMITH, *lately an infant.*

The guardian of a female infant expended, for her support, education, etc., $600 more than the amount of her estate in his hands, this over-payment, however, being less than her interest in the estate of her deceased father, whose will provided that the *income* of her share, in the hands of the executor, might be used for her support. Upon his accounting, at the ward's majority, the guardian sought to be reimbursed from the ward's interest in the latter estate. *Held,*

1. That the court had no power to require a violation of the provisions of the will.

2. That the guardian had no right to make advances to the ward while an infant, and afterwards hold her liable therefor.

3. That the guardian should be allowed his disbursements to the extent of the ward's estate in his hands, and also to the extent *of the income* realized by the executor upon the ward's share in her father's estate.

4. That certain items, each under $20, not accompanied by proper vouchers. or proof, should be allowed, because not exceeding, in the aggregate, $500.

THIS was a hearing of exceptions to the report of a referee appointed to examine the account of proceedings of Samuel M. Bixby, general guardian, in respect to the estate of Eugenia J. Aldis (now Smith), lately an infant; the report having been heretofore confirmed as to the estates of the other wards included in the accounting.

The guardian was appointed June 22, 1864. The ward's property consisted of an interest in a pension, received from the U. S. Government, amounting to $310.24, and an interest in certain personal property, amounting in all to $387.73. The account showed expenditures for

her support, education, etc., amounting to the sum of $1,004.46, being an overpayment of $616.73.

The said Eugenia also had an interest (larger than the over-payment) in the estate of her late father, of which estate one Nathaniel Jarvis, Jr., was executor.

The referee reported among other things, that the guardian, whose wife was the ward's aunt, had knowledge of this interest, and that he often consulted Mr. Jarvis in relation to his ward. The referee also reported that the general guardian exercised a sound and wise discretion in his expenditures, and that his conduct towards her was exemplary ; also that no testimony was offered as to the other objections filed to the account ; and that the guardian " is entitled to be reimbursed from the estate of said Eugenia the said sum of $616.73, besides his reasonable expenses and commissions, and also the expenses of this accounting."

All of these findings were excepted to by the said Eugenia, who alleged that the referee should have reported that the expenditures were improper and extravagant ; that certain specified items of expenditure should be disallowed ; and that the guardian was not entitled to be reimbursed from her estate.

C. ELLIOTT MINOR, *for guardian.*

FORBES & SAGE, *for Eugenia J. Aldis.*

THE SURROGATE.—The testimony in this case justifies the conclusion of the referee that the expenditures for the benefit of the ward were necessary and proper so far as the ward personally was concerned, and if there had been sufficient funds applicable thereto, in the hands of

the guardian, he could not have been adjudged guilty of its improper use.    I am also of the opinion that, if there had been sufficient funds so applicable in the hands of the executor Jarvis, an order for its payment to the guardian would have been made, upon a proper application therefor.    And I am disposed to hold that, for the purposes of this accounting, that which would have been ordered on the facts proved, should be allowed to the guardian.    But the motion has been submitted upon the assumption that all the fund in the hands of the executor, belonging to the ward, might have been ordered by the Surrogate to be devoted to the maintenance and education of the ward.

In that, however, the counsel are clearly in error. The will provides, in substance, that the income of the fund in the hands of the executor Jarvis might be used for the support of the ward, among others, the principal to be paid on her attaining her majority.    It is clear that this court has no power to require a violation of the provisions of the will.    So that the guardian should be allowed, on account of his disbursements, the sum of $387.73, together with so much income as has been realized by the executor upon the ward's share in her deceased father's estate.

The application of the guardian for an adjudication that the ward is indebted to him for the balance of his disbursements for her benefit, cannot be sustained, for two reasons : first, because he had no right to make advances over and above the fund applicable to her support, and so make an infant liable therefor; second, because this proceeding is not to adjudge an obligation on the part of a ward for the act of the guardian while she

was an infant, though she might be liable for necessaries in a proper action.

Hence the exception to the finding that the guardian is entitled to reimbursement in full should be sustained, and the report, in the above particulars, modified.

The exception to the allowance of certain disbursements without proper vouchers or proof should be overruled, to the extent of the above allowances, for the reason that the sums, under $20 and not vouched, do not exceed in the aggregate the sum of $500.

Ordered accordingly.