NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1884.

OAKLEY v. OAKLEY.

*In the matter of the estate of* HENRY S. OAKLEY, *an infant.*

Where the guardian of an infant's property takes the responsibility of encroaching upon the capital of a trust fund, of which his ward is entitled to the income, he must make out as clear a case, for the subsequent sanction of his course, as he would have been required to do, had he applied, in advance, for authority to adopt it.

The temporary guardian of an infant, whose estate consisted exclusively of his interest as *cestui que trust* under a will, pursuant to which a fixed annual income was regularly paid over by the trustee to the guardian, for the infant's benefit, having expended in that behalf about $400 in excess of the amount of trust moneys which had come to his hands, asked, upon the judicial settlement of his account, to be allowed the amount specified, to be paid out of future income to be received by

his successor.  The referee, to whom the account was referred, found that, in view of the necessities, prospects and social standing of the infant, the expenditures in question were properly made.—

*Held*, that the propriety of those expenditures must be judged by a different standard from that which had been applied, and that they should be disallowed, upon the ground that they were beyond the infant's means.

Upon the judicial settlement of the account of the temporary guardian of an infant, whose only estate consisted of a fixed income under a testamentary trust, it appearing that the guardian, to whom a successor had been appointed, had expended all the moneys received by him for the infant's benefit,—

*Held*, that the successor of the accounting party should be directed, by the decree, to reserve, out of future income, a sum sufficient to pay the legal commissions of the latter.

HEARING of exceptions to report of referee, upon judicial settlement of account of temporary general guardian of infant's property.  The facts appear sufficiently in the opinion.

HENRY THOMPSON, *for accounting guardian.*

GEO. E. BLACKWELL, *for Sarah Oakley, objector.*

THE SURROGATE.—Mr. E. B. Oakley was appointed temporary guardian of Henry S. Oakley, an infant, in June, 1877.  The ward reached the age of fourteen in 1879, but it is only recently that, upon his own application, his mother has been substituted as his guardian.  Her predecessor in the trust is here, seeking the judicial settlement of his account.  He claims that his just and proper expenditures have been in excess of his receipts, and, accordingly, asks this court to adjudicate that, to the amount of such excess, his former ward is his debtor, and that such indebtedness, as also his lawful commissions as guardian, shall be paid out of the income of the ward's estate.  The

account, together with certain objections thereto, was lately submitted to a referee whose report is before me.

It appears that, during the whole period of the guardianship, the infant's estate consisted solely of his interest as a beneficiary under the will of his grandfather. By that will, Mr. Samuel F. Engs was appointed trustee of a certain trust, whose income he was directed to pay over for the benefit of this infant, during his minority. No part of the principal of that fund has, at any time, been in the possession or under the control of the accounting guardian. The amount of income which has come to his hands is less, by about $390, than the amount which he has expended for the ward's benefit. The referee finds that, in view of the necessities, prospects and social standing of the infant, these expenditures were properly made.

It is not now disputed that the accounting guardian has charged himself with all moneys received by him for his ward's benefit. Nor is it disputed that he has actually expended all the moneys for which he seeks to be credited. The propriety of these expenditures, however, must be judged by another standard than that which has been applied by the referee. Even if the principal from which the income was realized for the ward's benefit had been in the hands of the accounting party, or under his control, he would not have been justified in encroaching upon it, in the least, for the maintenance, support and education of the ward, unless the income was insufficient for that purpose. Even in that event, indeed, he would not, in strictness, have been authorized to incur expense in excess of income, without the express sanction of

the court. And, where he takes the responsibility of thus encroaching upon the capital, he must make out as clear a case, for the subsequent sanction of his course, as he would have been required to do, had he applied, in advance, for authority to adopt it (Holmes v. Logan, 3 *Strobh. Eq.*, 31; Bond v. Lockwood, 33 *Ill.*, 223; Jarrett v. Andrews, 7 *Bush, Ky.*, 311; Long v. Norcom, 2 *Ired. Eq.*, 354; Gott v. Culp, 45 *Mich.*, 265; Roseborough v. Roseborough, 5 *Tenn.*, 314; Kelaher v. McCahill, 26 *Hun*, 148; Smith v. Bixby, 5 *Redf.*, 196).

Now, under the circumstances appearing in the case at bar, if the accounting guardian had applied to me for leave to incur the expenses for which he seeks to be reimbursed, I should have felt obliged to deny his application; not because the support and education sought to be thus provided for the infant were out of keeping with his social standing, but because they were beyond his means. Says the court, in deciding Long v. Norcom (*supra*): "Where a guardian thinks he is promoting the ward's welfare by educating him for a higher walk in life than is suitable to his degree and circumstances, he must be benevolent at his own expense, and not at that of the ward." This doctrine is just and salutary. Applied to the facts of the case at bar, it compels the disallowance of the claim of the accounting party, to be credited with the excess of his expenditures over his receipts.

*Second.* Counsel for the present guardian claims that Mr. Oakley's account should be surcharged in the sums wherein, in any particular year, his expenditures exceed the ward's income for the same period.

This claim cannot be sustained (Carmichael v. Wilson, 3 *Molloy*, 83 ; Speer v. Tinsley, 55 *Ga.*, 80).

*Third.* The accounting guardian has done nothing to forfeit his commissions; and the decree to be entered in this proceeding may provide for the reservation, by the present guardian, out of any moneys of the ward's estate now in her hands, or which may come to her hands, of a sum sufficient to pay the legal commissions of her predecessor.

*Fourth.* The expenses of this accounting ought to be borne neither by the infant wholly, nor wholly by the guardian. The account was voluntarily rendered. The objector, in behalf of the infant, challenged nearly all the credit items, and alleged that the accounting party had failed to charge himself with a portion of the moneys he had received. The objector, therefore, has been only in part successful; and even those payments which I have felt bound to disallow were, probably, made in good faith, and for the supposed advantage of the ward.

The decree may provide that the referee's fees may be paid, one half by the guardian, and one half from the infant's estate. It will make no provision for costs or counsel fees, for either party.