NINA L. WALES AND JULIA D. SUMMERS v. THOMAS TEMPLETON.

| | 83 | 177 |
|---|---|---|
| | f124 | 249 |
| | 83 | 177 |
| | 137 | 387 |

*Will—Construction—Description of lands.*

1. This case involves the construction of certain devises in a will, and the following rules of construction are held applicable:

   *a*—The plain intent of the testator as evinced by the language of the will must prevail.

   *b*—Such intent must be gathered from "the four corners of the instrument."

   *c*—The construction is not to be varied by events subsequent to the execution of the will.

   *d*—A gift by words of general description is not to be limited by a subsequent attempt at a particular description, unless such appears to have been the intention of the testator as gathered from the whole will.

2. An examination of the opinion, and of the plat incorporated therein, is essential to a full understanding of the facts of this case.

Error to Macomb. (Canfield, J.) Argued October 23, 1890. Decided November 14, 1890.

Ejectment. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Franklin P. Monfort* (*T. M. Crocker*, of counsel), for appellants, contended as stated in the opinion.

*Bowen, Douglas & Whiting* (*Eldredge & Spier*, of counsel), for defendant, cited no authorities.

GRANT, J. Plaintiffs bring their action of ejectment, as the heirs at law of Henry A. Wales, deceased, for the recovery of the W. ½ of S. W. ½ of the N. E. ¼ of section 20, in township 1 N., range 13 E., in the county of Macomb.

Henry A. Wales derived his title by will from Austin Wales, who derived his title to a portion of the lands referred to in his will from one Ami Wales. Ami Wales devised all her real estate (except five acres to her son), to her husband, Austin Wales. She owned the E. $\frac{1}{2}$ of the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of said section 20. The devise to her son was in the following language:

"I give, bequeath, and devise to my son Henry A. Wales five acres of land including the site of his present homestead, to be apportioned and set off from the remainder of my real estate in such form and manner as my executor and husband, Austin Wales, shall choose; together with the hereditaments, rights, appurtenances thereunto belonging, or otherwise appertaining."

The specific devises of land by Austin Wales are as follows:

"1. My son Henry A. Wales shall have 26 acres out of 40 acres on the east half where his residence is at present, on the east half of the east half of the north-west quarter of section 20, town 1 north, of range 13 east, and bounded on the west by lands of William Fisher, on the south by my land and his line heretofore deeded to him, on the north on sec. line, also by lands of A. Weithof and H. Genitz, far enough to make up 26 acres of land. Also my son Henry A. Wales shall have 20 acres joining the above, and bounded by lands of James Martin, and sec. road on the north, and running on said sec. road southeast forty rods, and eighty rods south-west, containing twenty acres more or less.

"2. Jennett S. Wales, the wife of my son Darwin J. Wales, deceased, shall have 25 acres of land, including my residence and all the buildings thereon, said 25 acres shall commence and bounded as follows: On the west, by lands owned by William Fisher, and on the north joining the lands of my son Henry far enough east to make up twenty-five (25) acres of land,—during her natural lifetime. After deceased's death, the above twenty-five acres of land shall be equally divided among the living heirs. Further, Jennett S. Wales also shall have all my household furniture and wearing apparel, as well as all my

personal property, whatsoever, for her own use ad benefit, and do with the same what she thinks best.

"3. Mary Ready shall have fifteen acres joining the above-described land of Jennett S. Wales on the south, running east on half section road fifteen (15) rods, containing fifteen acres of land, forever, all in town of Erin, Macomb county, Michigan (section No. 20)."

The will then provided for the sale of the balance of the real estate for the payment of his debts and certain bequests, after which the remainder of the proceeds of the sale was to be divided among the children of his son. It is evident that the scrivener who drew this will was totally unfamiliar with the use of language required to describe the different parcels of land accurately, or to convey clearly the will of the testator. Plaintiff's counsel are correct in their statement of the rules of construction applicable to the case, which are these:

1. The plain intent of the testator as evinced by the language of the will must prevail.

2. The intent of the testator must be gathered from "the four corners of the instrument."

3 The construction is not to be varied by events subsequent to the execution.

4. A gift by words of general description is not to be limited by a subsequent attempt at a particular description.

This fourth rule is, however, subject to this qualificacation, that the particular description must prevail if such appears to be the intention of the testator from the whole will. It does not appear that the apportionment to Henry A. Wales of the five acres devised to him by his mother was ever made otherwise than by inclosing a rectangular piece containing that number of acres, fronting on a highway known as the "Gratiot Road," with side lines running at right angles to the highway. On following page is diagram of the situation of these lands.

The parcels of land marked "A," "B," "D," "E,"

"F," "G," "H," and "I," together with other lands east of parcels H and I, represent the lands of Austin Wales at the time the will was made. He had just 26 acres north of the south line of the N. E. ¼ of the N. W. ¼ of section 20. His land bounded the homestead of Henry A. Wales upon three sides. The dotted line upon the diagram represents the south line above mentioned. If he devised to Henry the 26 acres north of this line, then the land in controversy, marked "H," would not join the land first devised; it would only corner upon it. It is claimed on the part of the plaintiffs that the triangular piece D is included in the devise to Jennett Wales, and therefore, in order to make the 26 acres devised to Henry, a narrow strip must be taken from the S. E. ¼ of the N. W. ¼. This construction is necessary in order to make the land in dispute join the first parcel devised to Henry. It is unnecessary to determine this question, for, aside from this, we think the

intention of the testator is clear, and that the word "joining" cannot prevail against the other description by metes and bounds.

It appears conclusively that Austin Wales was a man of business and intelligence, and that he was thoroughly familiar with the situation of his lands, having lived there a great many years. There is no claim that he was not at the time he made his will in the full enjoyment of his faculties. We must assume, therefore, that when he executed the will he understood that the 20 acres devised to Henry was " bounded by lands of James Martin, and section road on the north, and running on said section road forty rods." No other piece of his land than one bounded on the north by this section road complies with this description. This particular description by metes and bounds must control. The circuit judge was therefore correct in instructing the jury to render a verdict for the defendant.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.