MILLS *v.* MICHIGAN TRUST CO.

1. Wills—Construction—Trust Estate—Income.

Where testator left an estate composed principally of vacant city lots, which he placed in the hands of a trustee, to manage and control in such manner as the trustee should deem best, and to pay a portion of the net income therefrom to his daughter, or to her legal guardian, for her support so long as she should live, and to pay the remainder of the net income to his wife during her life, and giving the trustee full power to sell and convey the lots, and to invest and reinvest the proceeds in such other property or securities as the trustee should deem for the best interests of the trust, a decree of the equity court commanding the trustee to sell a portion of the real estate to raise funds to support testator's wife and child was erroneous, since, under the provisions of the will, only the income of the estate could be so used.

2. Same—Administration—Widow's Allowance.

Where testator devised property in trust, the income to be used for the support of his wife and child, the probate court had authority to grant the widow and child a weekly allow- ance during the administration of the estate, which the trustee was required to pay whether the income of the estate alone was sufficient for the purpose or not.

Appeal from Kent; Adsit, J. Submitted April 11, 1900. Decided May 18, 1900.

Bill by Maude C. Mills, individually and as next friend of Helen C. Mills, an infant, against the Michigan Trust Company, trustee of the estate of Fred D. Mills, deceased, impleaded, etc., to construe the will of said deceased. From a decree for complainant, defendant appeals. Modified.

*T. F. & W. R. McGarry* (*Edwin F. Uhl*, of counsel), for complainant.

*More & Wilson*, for defendant.

MOORE, J.    Maude C. Mills is the widow of Fred D. Mills, deceased.    Helen Clay Mills is their daughter. She is now about 9 years old.    Mr. Mills died in February, 1894.    He left a will, which was duly probated.    He bequeathed to his wife their residence and certain personal property.    The other provisions of the will which are important in this proceeding read as follows:

"I give, devise, and bequeath to the Michigan Trust Company, of Grand Rapids, Michigan, and its successors, forever, all my title and interest in and to that certain piece of land in said city of Grand Rapids which is bounded on the north by Wealthy avenue, on the east by College avenue, on the south by Logan street, and on the west by Madison avenue, in trust, nevertheless, for the following purposes, viz.:    To manage and control the same in such manner as it shall deem best, and pay the net income therefrom, after payment of taxes and all other expenses, or so much of said income as shall be necessary, to my dear daughter, or her legal guardian, for the support of my said daughter, Helen, so long as she shall live.    At the death of my said daughter, I give, devise, and bequeath all of my interest in the said property described in this clause of my will to my legal heirs.    I hereby give my said trustee full power and authority to sell, dispose of, and convey any part or all of my interest in said property on such terms and conditions as to said trustee shall seem expedient; and I do hereby give my said trustee power and authority to invest and reinvest the proceeds from said property in such other property or securities as said trustee may deem for the best interest of the trust.

"All the residue of my estate, of every name and nature, I give, devise, and bequeath to said the Michigan Trust Company, in trust, nevertheless, for the following purposes, viz.:    To take possession of, manage, and control the same in such manner as said trustee shall deem best, and to pay one-third ($\frac{1}{3}$) of the net income thereof to my said wife, Maude C. Mills, so long as she shall live.    At her death, I give, devise, and bequeath an equal undivided one-third ($\frac{1}{3}$) of the property conveyed under this clause of my will to my then heirs at law.    My said trustee shall pay the remaining two-thirds ($\frac{2}{3}$) of said net income to my dear daughter, Helen, or her legal guardian, for the support of my said daughter so long as she shall live.    At the death of my said daughter, Helen, should she leave

issue her surviving, I give, devise, and bequeath to said issue, by right of representation, and their heirs, forever, the equal undivided two-thirds (⅔) of the property conveyed under this clause of my will. Should my said daughter die without issue, I give, devise, and bequeath said equal undivided two-thirds (⅔) of said property to my then heirs at law. I hereby give my said trustee full power and authority to sell, dispose of, and convey any and all property which shall pass to it under this clause of my will, on such terms and conditions as it shall deem expedient; and I do hereby give my said trustee power and authority to invest and reinvest the proceeds from said property in such other property or securities as said trustee shall deem for the best interests of the trust.

"The provisions made by me in this will for my said wife are in lieu of and in the place of all rights in my estate, of every name and nature, to which she would be entitled under the statutes of the State of Michigan, including all dower rights in my real estate, had this will not been made.

"I hereby appoint Charles M. Wilson, of said city of Grand Rapids, executor of this, my last will and testament; and I hereby give my said executor full power and authority to sell and convey any and all property of which I shall die seised, including real estate."

Mr. Wilson declined to act as executor, and the Michigan Trust Company was appointed in his place. During the settlement of the estate the probate court made an order that $35 a week should be paid to Mrs. Mills for the support of herself and daughter. Other proceedings were had, to which we deem it unnecessary to refer, except in the most general terms, as the questions involved are few, and their solution does not depend upon these proceedings. In September, 1898, the estate was closed, and passed from the defendant as administrator to the defendant as trustee. At this time there was due and unpaid $360 of the weekly allowance which had been made to Mrs. Mills by the probate court. The estate on hand in September, 1898, consisted largely of unproductive vacant lots, for which there was no market. There was $4,500 worth of stock, estimating it at its par value, though it was doubtless worth more than that sum.

A few months after the estate passed to the trustee, this bill was filed, in which it was alleged that it was the duty of the trustee to so manage the property as to produce an income, that it has not made a reasonable effort to do so, and that the complainant and child by reason thereof are unprovided for, and asking for the removal of the trust company and the appointment of another trustee, and for the payment of an allowance to the complainant *pendente lite.* Afterwards the bill was amended, asking the court to construe the will so as to authorize the trustee, if necessary to furnish a suitable support to the complainant and her daughter, to use the *corpus* of the estate for that purpose. The amended bill contains this language:

"That, if any power be lacking in the said trustee to furnish said maintenance and support under the restrictive clauses of said last will and testament, then and in that event that this honorable court may supply such power, and grant, authorize, empower, and order said trustee to so manage, manipulate, sell, or mortgage the whole or such part of said estate as may be necessary to furnish an adequate, suitable, and reasonable support at all times hereafter to your oratrix and the said Helen Clay Mills."

The defendant answered fully the allegations of the bill. The following statements taken from the answer contain its position in this proceeding: "This defendant shows that it is the plain intent and purpose of said will that the trust fund itself should be kept intact, and not used for the support and maintenance of said Helen Clay Mills and Maude Clay Mills; and this defendant shows that it would be recreant to the trust imposed upon it under said will, and would be liable to the parties in interest, if it should, as trustee under said will, expend anything for the maintenance of said Helen Clay Mills and Maude Clay Mills except the net income from said estate, in the precise manner and proportions as are provided in said will; that the trust company has used every possible effort to sell the real estate for the purpose of creating a fund from which an income can be derived for complainant and child, and that it will continue to use every possible effort

in that direction; that it has in good faith carried out the terms of said will to the best of its ability, and that the bill of complaint in this cause is filed, not because this defendant has not done its duty as trustee under said will, but because the property of said estate consists almost entirely of unproductive real estate, which, owing to the depression in the times, it has been impossible to sell; that there is now a better feeling in the Grand Rapids real-estate market, and defendant hopes soon to make progress in converting the property of said estate into income-producing securities,"—and indicates its entire willingness and desire to make the estate productive as soon as it can be done without sacrificing it.

The court made a decree containing, among other provisions, the following:

"1. That it is the true intent of the will that the estate should be so managed as to provide a comfortable support for complainant and her child (a) from the income, if possible; (b) from the *corpus* of the estate, if necessary.

"2. That the trustee sell at once the 20 acres in Paris township, and the Mills & Lacey stock, and apply the proceeds to the payments provided for by the decree, until the income from the estate shall be sufficient to support complainant and her child, whereupon the residue of the funds realized from said property, 'if any, may be invested by the said trustee under the provisions of said will.'

"3. That the trustee pay complainant $360 for arrearage in her allowance during administration of the estate.

"4. That the trustee pay complainant, as guardian of her child, $100 per month from September 2, 1898, to date of first payment, and monthly thereafter until the funds are exhausted, for the education and support of said child."

It is insisted by defendant that this decree, instead of construing the will of Mr. Mills, has made a new and entirely different one for him than the one he made for himself. In that we think the defendant is right. The language used in the will is clear, definite, and certain. It is not in any sense ambiguous. It is very likely, if Mr. Mills could have looked into the future, he might have

framed his will differently, but that is a question with which we_ have nothing to do. In *Fraser* v. *Chene*, 2 Mich. 81, the court used the following language:

"It is admitted to be a cardinal rule in the construction of wills that the intention of the testator is first to be ascertained from the words of the will, and when ascertained it will govern; but to this admission there is an important qualification, namely, so far as that intention is consistent with the laws of the land, and no further. To stop short of this would be an infringement of that liberty of disposing of a man's own property which is the most powerful incentive to honest industry, and is therefore essential to a free and commercial country; while, on the other hand, did indulgence to the testator's intention go beyond this, every man would make a law for himself, and the metes and boundaries of property would be vague and indeterminable, which would end in total insecurity."

In *Johnson* v. *Warren*, 74 Mich. 491 (42 N. W. 74), the court said:

"Courts have no power to make new wills for testators, and disregard such lawful conditions as they may impose. * * * Courts have not ventured to substitute their own speculations for the clearly-expressed will of the testator, nor have they felt authorized to inquire curiously into the reasons of what is not ambiguous."

In *Wales* v. *Templeton*, 83 Mich. 177 (47 N. W. 238), the court said that among the rules of construction applicable to wills are these:

"The plain intent of the testator, as evinced by the language of the will, must prevail. The intent of the testator must be gathered from the four corners of the instrument."

See, also, *Byrne* v. *Hume*, 84 Mich. 185 (47 N. W. 679); *Stebbins* v. *Stebbins*, 86 Mich. 474 (49 N. W. 294).

The probate court had the authority to make the order for the payment of the weekly allowance. It should have been paid. As it has not been, the trustee is directed to pay the balance due Mrs. Mills, found by the court below to be $360. The decree in all other respects is reversed. Defendant will recover costs of this court, to be paid out of the estate.

The other Justices concurred.