In the Matter of the Probate of the Last Will and Testament of AMASA HOWLAND, Deceased.

J. EDWARD HOWLAND and FRED D. HOWLAND, Appellants; GRENVILLE M. INGALSBE and Others, as Executors, etc., of AMASA HOWLAND, Deceased, and Others, Respondents.

*Will — suspension of the power of alienation of personal property for more than two lives in being.*

A testator gave his residuary estate, both real and personal, to his sons, " J. Edward Howland and Frederick D. Howland and Grenville M. Ingalsbe and John E. Parry, in trust, however, for the uses and purposes hereinafter named, to hold, manage and control the same and receive and invest the dividends, increase, rents and profits thereof or therefrom from time to time; and the proceeds of, or any part of, the same that may be sold or disposed of, and keep the same invested for the use and benefit of my grandchildren, the children of my sons, J. Edward Howland and Frederick D. Howland, during the time and until said children shall attain the age of twenty-one years, severally. The whole amount of said property so bequeathed, in trust, with the increase and accumulation (less all taxes, expenses and commissions properly chargeable

thereto) to be equally divided between and paid over to said children, share and share alike, as said children severally become twenty-one years of age, absolutely for their own property. But if either said children (grandchildren of mine) shall die before becoming twenty-one years of age, then the whole of said residuary estate to go to and belong to the child or children of my said sons who shall attain the age of twenty-one years."

The testator was survived by his sons J. Edward Howland and Frederick D. Howland, both of whom were married. At the time of the execution of the will and of the testator's death, Frederick D. Howland had three minor children. J. Edward Howland had no children living at either of such times.

*Held*, assuming that the testator only intended to provide for his grandchildren living at the time of his death, and that such grandchildren took a vested estate at that time, that none of such grandchildren would have the "absolute ownership" of any portion of the property until he reached the age of twenty-one years;

That, therefore, the residuary clause, so far as it related to personal property, was invalid under section 2 of the Personal Property Law (Laws of 1897, chap. 417) in that it suspended the absolute ownership of such property for a longer period than two lives in being.

APPEAL by J. Edward Howland and Fred D. Howland from so much of a decree of the Surrogate's Court of the county of Washington, entered in said Surrogate's Court on the 15th day of February, 1902, admitting to probate the will of Amasa Howland, deceased, as adjudges that the 5th clause of said will creates a valid trust.

The will of Amasa Howland, after the direction for the payment of debts, gives several legacies, and in the 5th paragraph assumes to dispose of all the rest and residue of his estate. The material part of that provision is as follows: "*Fifth.* All the rest, residue and remainder of the property and estate real and personal of every description and wheresoever situated of which I may be seized or possessed or to which I may be entitled at the time of my decease, I give, devise and bequeath to my sons, J. Edward Howland and Frederick D. Howland and Grenville M. Ingalsbe and John E. Parry, in trust, however, for the uses and purposes hereinafter named, to hold, manage and control the same and receive and invest the dividends, increase, rents and profits thereof or therefrom from time to time; and the proceeds of or any part of, the same that may be sold or disposed of and keep the same invested for the use and benefit of my grandchildren, the children of my sons, J. Edward Howland and Frederick D. Howland, during the time and until said

children shall attain the age of twenty-one years, severally. The whole amount of said property so bequeathed, in trust, with the increase and accumulations (less all taxes, expenses and commissions properly chargeable thereto) to be equally divided between and paid over to said children, share and share alike, as said children severally become twenty-one years of age, absolutely for their own property. But if either said children (grandchildren of mine) shall. die before becoming twenty-one years of age, then the whole of said residuary estate to go to and belong to the child or children of my said sons who shall attain the age of twenty-one years."

Amasa Howland at his death left two sons, J. Edward Howland, forty years of age, and Frederick D. Howland, aged thirty-six, both of whom were married. At the time of the execution of the will and at the time of the testator's death, his son F. D. Howland had three children aged respectively nine, four and three. J. E. Howland had no children living at the time of the execution of the will or at the time of the death of his father. The will is dated March 30, 1899, and Amasa Howland died July 16, 1901. The will was offered for probate by the three executors exclusive of J. Edward Howland, who filed an answer setting forth the invalidity of the 5th paragraph of the will as far as it assumed to dispose of personal property. The surrogate determined the will to be valid, and from the decree entered upon that decision this appeal is taken.

*Joseph A. Kellogg, Stephen Brown* and *Louis M. Brown*, for the appellant J. Edward Howland.

*Edgar Hull*, for the appellant Fred D. Howland.

*Edgar T. Brackett* and *A. D. Wait*, for the respondents Grenville M. Ingalsbe and John E. Parry as executors.

*L. H. Northup*, special guardian, and *W. L. Sawyer*, for infant respondents Amasa W. Howland and others.

SMITH, J.:

By section 2 of the Personal Property Law (Laws of 1897, chap. 417) it is provided: " The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer

THIRD DEPARTMENT, SEPTEMBER TERM, 1902.    [Vol. 75.

period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition ; or, if such instrument be a will, for not more than two lives in being at the death of the testator ; in other respects limitations of future or contingent interests in personal property are subject to the rules prescribed in relation to future estates in real property." The will in question is *sui generis*. No case is cited where the intent of the testator is sought to be expressed in similar language. The language here used, however, is clear and the intent which must control this decision seems unmistakable. There is grave doubt in my mind whether this provision be not intended for grandchildren born after the testator's death. The will assumes to provide for the children of J. Edward Howland who had no children living either at the time of the making of the will or at the death of the testator. But grant for the argument that only those grandchildren living at the death of the testator are the intended beneficiaries. There were three grandchildren then living. By the terms of the will no absolute ownership in any part of that property is given to any grandchild until that grandchild reaches the age of twenty-one years. Even though the living grandchildren take a vested estate at the death of the testator it is concededly liable to be divested. The term " absolute ownership " hardly needs definition. An ownership liable to be divested by any contingency arising under the instrument creating the ownership is not absolute. Any two of those grandchildren might die and still the ownership of the property be undetermined. Giving to the will the most favorable construction possible, and assuming the bequests to be several, upon the death of any one, the share that was to be his if he reached twenty-one years of age goes to the survivors *only* on condition that they reach the age of twenty-one. Here lies the distinction between this case and the case of *Everitt* v. *Everitt* (29 N. Y. 39). In that case it was held that, under the language used, upon the death of the beneficiary his share passed absolutely to the survivors, and upon that construction only was the will upheld. The provisions of this will giving the share of a grandchild who should die before reaching twenty-one to those survivors only who reached that age would seem to preclude the construction which alone saved the will in the case cited and to bring this will

within the condemnation of the reasoning of the learned judge in that case. It is hardly necessary to call attention to the difference between the rule governing real property and that governing personal property. The right to suspend the power of alienation of real property may continue through two lives and a minority. The absolute ownership of personal property can be suspended only for two lives. The rules of law governing the construction of wills are not questioned by counsel; the sole contention is over the interpretation of the language used. The language to my mind expresses a clear intent in the execution of which the absolute ownership of personal property *may be* suspended beyond two lives. This the statute forbids. The decree, therefore, must be reversed, and this provision of the will in so far as it assumes to dispose of personal property should be declared invalid.

All concurred.

Decree of the surrogate so far as appealed from reversed, with costs to appellant from the estate, and the 5th provision of the will declared invalid. Order to be settled by SMITH, J.