Matter of the Application under the Last Will of
SOLOMON KAUFMAN, Deceased, for the Support and
Maintenance of ABRAHAM KAUFMAN, an Infant.

(Surrogate's Court, Bronx County, October, 1920.)

Trusts — limited equitable jurisdiction of Surrogates' Courts —
application for payment out of trust funds in excess of the
amount allowed by the terms of the trust for the support and
education of beneficiaries must be made to the Supreme Court
— Personal Property Law, § 17, Real Property Law, § 62, and
Code Civ. Pro. § 2664.

Where the will directed the testamentary trustee to keep the
entire estate invested until testator's son was of age and to pay
from the net income a certain sum weekly to his mother for
her support and for his support and education, and to pay to
him upon his coming of age the principal of the trust fund with
accumulated income, for his own use, an application for an
order permitting the trustee to pay the mother from the income,
and if that be insufficient then out of the principal, an amount
in excess of that allowed by the trust, should be made to the
Supreme Court, and the mother's application under section 17
of the Personal Property Law, section 62 of the Real Property
Law and section 2664 of the Code of Civil Procedure for such
an order will be denied.

APPLICATION for an order permitting trustee to pay
a sum for support and maintenance in excess of the
amount specified in a will.

Gordon, Tally & Gordon, for petitioner.

SCHULZ, S. The will of the decedent contains a pro-
vision which, so far as it is material to the question
under consideration, is as follows: " I give, bequeath
and devise all my estate, real, personal and mixed
* * * unto my trustee hereinafter named to invest
the same and keep the same invested until my son
Abraham Kaufman attains the age of twenty-one
years; to pay out of the net income thereof the sum
of fifteen dollars per week to my wife, Ida Kauf-
man, for her support and the support and education

of my son Abraham Kaufman; and upon my son Abraham attaining the age of twenty-one years, I direct my trustee to pay the principal of said trust fund and accumulated income to my son Abraham Kaufman for his use and behoof forever."

The widow of the decedent, Ida Kaufman, now applies to this court, as she states under section 17 of the Personal Property Law, section 62 of the Real Property Law and section 2664 of the Code of Civil Procedure for an order permitting the trustee to pay out of the decedent's estate a sum in excess of the amount allowed to her and the infant by the trust created for their support and the education of the infant and prays that such payment be made out of the income of the trust fund, and if the same be not sufficient then out of the principal.

Section 17 of the Personal Property Law (being Laws of 1909, chapter 45, and constituting chapter 41 of the Consolidated Laws) provides that when a minor for whose benefit a valid accumulation of the income of personal property has been directed, shall be destitute of other sufficient means of support or education, if such accumulations shall have been directed by a will, the Surrogate's Court of the county in which such will shall have been admitted to probate, may, on the application of such minor or his guardian, cause a suitable sum to be taken from the moneys accumulated or directed to be accumulated to be applied for the support or education of such minor. Section 62 of the Real Property Law (being Laws of 1909, chapter 52, and constituting chapter 50 of the Consolidated Laws) provides for similar relief out of the rents and profits of real estate upon the application of the general or testamentary guardian of the infant. The petition fails to disclose any accumulations of income of per-

sonal property or of rents or profits from real property and the application is not made by the infant nor by his general or testamentary guardian.

Section 2664 of the Code of Civil Procedure provides that the surrogate may make an order directing the application by the guardian of an infant's property to the support and education of the infant, of such a sum as to the surrogate seems proper out of the income of the infant's property, or where the income is inadequate for that purpose out of the principal. In the pending matter there appears to be no guardian of the infant's property, and if there were he would not have possession of the principal of the trust fund out of which the payments are desired because that fund is in the hands of the trustee named in the will.

For the reasons above stated, no order can be made by me under the statutes quoted for payment out of accumulated income.

In so far as the application is for payment out of the principal of the trust fund, I have carefully examined the cases cited in the memorandum submitted upon the application but do not find that the matters there referred to were brought in the Surrogate's Court or originally determined by a surrogate; nor can I find a single case where the Surrogate's Court has directed the application of the principal of a trust fund in a manner different from that prescribed in the will creating the trust or holding that the court has sufficient equitable powers to make such a direction. The authorities on the subject seem rather to indicate a contrary opinion. *Matter of Van Decar,* 49 Misc. Rep. 39; *Smith* v. *Bixby,* 5 Redf. 196; *Matter of Kohler,* 96 Misc. Rep. 433, 441; *Matter of Friedlander,* 189 App. Div. 90, 95; *Mills* v. *Michigan Trust Co.,* 124 Mich. 244; 82 N. W. Rep. 1046.

The application for payment out of the principal of the trust fund involves an appeal to the equitable powers of the Surrogate's Court (*Matter of Howland,* 37 Misc. Rep. 114; revd., on another point, 75 App. Div. 207), and in my opinion the latter has not been invested with equitable jurisdiction broad enough to grant the relief desired. Code Civ. Pro. § 2510; *Matter of Holzworth,* 166 App. Div. 150; affd., 215 N. Y. 700. The application should be made to the Supreme Court about whose equitable powers and jurisdiction there is no question. *Beardsley* v. *Hotchkiss,* 96 N. Y. 201, 219; *Matter of Bostwick,* 4 Johns. Ch. 99; *Matter of Kane,* 2 Barb. Ch. 375; *Matter of Muller,* 29 Hun, 418. While the facts set forth in the petition show that a hardship exists which I would be inclined to relieve, I am of the opinion that I lack the power to do so.

For the reasons stated, the application must be denied. .

Application denied.