## GESAMAN v. MINTON ET AL.

[No. 10,965. Filed November 2, 1921. Rehearing denied January 25, 1922.]

1. BOUNDARIES.—*Deeds.*—*Recitals.*—*Quantity.*—*Monuments.*—*Courses and Distances.*—Recitals in a deed as to quantity of of land conveyed are not necessarily conclusive, and in describing a tract of land, monuments, if named, control, and, after monuments, courses, and distances, and it is only in the absence of monuments, courses, and distances, that the quantity of land named in a deed will govern, which rule applies as well to a devise. p. 411.

2. WILLS.—*Construction.*—*Devise of Land.*—*Specified Description.*—*Subsequent General Description.*—A particular specified description of land devised by a will cannot be impaired by a subsequent general description. p. 412.

3. WILLS. — *Construction.* — *Devise of Land.* — *Description by Metes and Bounds.*—*Description by Acreage.*—Where a will described land devised by metes and bounds, wherein monuments were referred to, that description could not be impaired by a subsequent general statement that a specified number of acres should remain and lay south of the land described, which was willed to another person. p. 412.

From Huntington Circuit Court; *George M. Eberhart,* Judge.

Action by John Gesaman against Jennie Minton and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*C. W. Watkins* and *C. A. Butler,* for appellant.

*Fred H. Bowers, Milo N. Feightner, Lee M. Bowers, S. E. Cook* and *Otto Krieg,* for appellees.

NICHOLS, P. J.—This was an action by appellant against appellees to quiet title to a twelve-foot strip of land off of the south part of the tract owned by appellant.

The question which we need to decide is presented for our consideration by the court's special finding of facts and conclusions of law by which it appears that one John H. Gesaman died testate in Huntington county, In-

diana, in May, 1918. His will was duly probated and still remains in full force and effect. Appellant is a son of said testator and appellee Jennie Minton is a daughter, and appellees Charles, Edith, and Florence Minton are the children of Jennie Minton.

Items Nos. 6 and 13 of said will are the only parts thereof which relate to the title of the real estate here involved, and are as follows:

ITEM 6. I hereby give, devise and bequeath to my daughter Sarah J. Minton, for and during the term of her natural life, remainder to her children in equal shares, the following described real estate situated in Huntington County, State of Indiana, to-wit: That part of the southeast fractional quarter of Section 27, township 28 north, range 9 east, bounded as follows: Beginning at the southeast corner of said east half and running thence north on the said east line of said fractional quarter 150 rods; thence west 80 rods to the west line of said east half; thence south on said west line 160 rods to the south line of said quarter, thence east on south line to place of beginning, containing eighty (80) acres, more or less, save and except that part of the above described eighty acres for a right-of-way for the use and benefit of the owner of the adjoining tract of land on the north of said eighty (80) acres, the said right-of-way bounded as follows: Commencing on the west line of the Huntington and Salamonie Gravel Road at the north line of the above described tract of land; thence west thirty (30) feet; thence south parallel with said west line and 30 feet therefrom 65 rods to a point; thence east thirty (30) feet to said west line of said gravel road; thence north on said west line to place of beginning.

ITEM 13. I hereby will, give, grant and devise and bequeath to my son John W. Gesaman twenty three (23) acres more or less off the north end of the one hundred three (103) acres owned by me in Section 27, township 28 north, range 9 east, in Huntington County, Indiana, it being intended that eighty (80) acres should remain and lay south of

said twenty three (23) acres which I have willed to Sarah J. Minton, for life, said real estate to have benefit of right-of-way described in Item 6 of my will.

After the death of said testator appellees caused a survey to be made of said 103-acre tract by the surveyor of the county. Appellant was present and consented that such survey should be made. The surveyor found that the 103-acre tract was 19.92 chains in width east and west and that in order to give eighty acres to said appellees the north and south line thereof would have to be 40.18 chains long, and the surveyor thereupon measured said eighty acres south of the twenty three acres. The eighty acres so measured by the surveyor covers the real estate described in appellant's complaint. Appellee Jennie Minton is the owner of the life estate in the said eighty acres, and her said children the owners of the remainder, subject to said right of way mentioned in "Item 6" of the will and that appellant has no right, title or interest in the real estate in his complaint described (the said twelve-foot strip), nor in said eighty acres except the right of way as aforesaid. Other defendants named have no right or interest in said eighty acres belonging to appellees. We assume the other defendants, except the executor of the John H. Gesaman will, were the brothers of appellant. They are not actively participating in this appeal. The court found that appellant's claim to said twelve-foot strip of real estate described in his complaint is unfounded and without right, and should be declared null and void, and the title of appellee Jennie Minton and her children should be quieted and forever set at rest against appellant, except to the right of way as foresaid.

On these findings the court stated its conclusions of law, (1) That the law is with appellee Jennie Minton and her children, (2) items 6 and 13 of said will gave

eighty acres of said 103 acres to appellee Jennie Minton for life and with remainder to her children; (3) that it was the intention of said testator as expressed in said items of his will to give eighty acres to said appellee; (4) that it was the true intent and meaning of the language of said items 6 and 13 that said devisees Jennie Minton and her children should have eighty acres in full off of the south end of said 103 acres, and that appellant should have the remainder lying north thereof; (5) that plaintiff should take nothing by his complaint; (6) that the title to the real estate described in the complaint (the twelve-foot strip) and the eighty acres as shown on the plat, should be quieted in appellee Jennie Minton for life with remainder to her children, against appellant, except as to the said right of way. Appellant excepted to each of the conclusions of law, and they are each by proper assignment presented for our consideration.

There is no ambiguity in the description of the real estate devised to the Mintons in Item 6 of the will. The terms of that item are clear and specific. By it a tract of land is devised that extends from the southeast corner of the section 160 rods north and no more. The length of the west course is not so definitely determined for that line is "80 rods *to the west line of the east half,*" and should there be a discrepancy between the distance and the monument, the monument must control. There was a possibility that the distance might be more than eighty rods, and it might be less and to meet this contingency, the devise was for eighty acres more or less. The description itself indicates that the testator understood that there was a possibility of a variation in the west course, and hence a variation in the acreage. But appellees contend, that because Item 13 uses the expression: "It being intended that eighty (80) acres should remain and lay south of said twenty-three (23) acres which I have willed to Sarah Minton * * *,"

this definite statement as to quantity expressing the later intention controls the description by metes and bounds in Item 6.

It is well settled that recitals in a deed as to quantity of land conveyed are not necessarily conclusive. In describing a tract of land, monuments, if named, 1. control, and, after monuments, courses and distances. It is only in the absence of monuments, courses and distances, that the quantity of land named in a deed will govern. *Silver Creek Cement Corp.* v. *Union Lime, etc., Co.* (1894), 138 Ind. 297, 35 N. E. 125; *Richwine* v. *Jones* (1895), 140 Ind. 289, 39 N. E. 460. This principle has been applied with equal force to devises.

The case of *Lyon* v. *Lyon* (1886), 96 N. C. 439, involved in construction of a will, the descriptions by metes and bounds of certain real estate and of the number of acres devised, and the court says: "The misconception of the testator as to the quantity of the Home tract, induced perhaps by the false recital in the deed, may account for his overestimate of the area of that devised, but it cannot control the boundaries which define it. The excess or the deficiency in the number of acres supposed to be in the tract, may, in doubtful cases, aid in determining the boundaries, but when at variance with them, must be disregarded as a mistake of the party."

The case of *Oldham* v. *York* (1897), 99 Tenn. 68, involved the description of lands in a certain devise therein mentioned, the devise mentioning 1407 acres when by the metes and bounds but 1342 acres were included, a sixty-five-acre tract not being included, and the court said that: "Of course in such cases metes and bounds are controlling in ascertaining the particular lands embraced in the instrument." Citing *Gilmer* v. *Stone* (1887), 120 U. S. 586, 30 L. Ed. 734.

In the case of *Portland Trust Co.* v. *Beatie* (1898), 32 Ore. 305, the controversy between the parties hinged upon the interpretation to be given to the provisions of the will by which a testator devised certain real estate being eighty-five acres more or less, to his wife, and the court says: "The intention of a testator, as expressed in his will, is, of course, the controlling factor in its construction, but there are certain elementary rules or guides which are considered valuable to aid in arriving at such intention. Among these, are that a precedent particular description is not to be impaired by a subsequent general description or reference, and that words of reference or explanation never destroy a specific grant."

It is held in *Wales* v. *Templeton* (1890), 83 Mich. 177, 47 N. W. 238, that where two modes of description are used and there is a discrepancy between them, the mode will be followed which is least liable to mistake. If it were conceded that there is a discrepancy, and we were to follow this rule, it is apparent that we must use the metes and bounds description as the one least liable to mistake.

In the case of *Portland Trust Co.* v. *Beatie, supra,* we are given the rule that a precedent particular description is not to be impaired by a subsequent general description of reference, and that words of reference or explanation never destroy a specific grant. In the instant case, we have a particular specific description and we must hold that it cannot be impaired by the subsequent general description, even if there were an inconsistency; but this we do not concede. Rather, we regard the reference to eighty acres as simply identifying the tract to the south of the twenty-three acres as the one devised to appellees Minton, by specific description in Item 6. By that description, Minton appellees as the devisees under the will of John H. Gesa-

man, deceased, do not.own any land north of 160 rods from the southeast corner of the section involved, and the twelve-foot strip is therefore the property of appellant.

The judgment is reversed with instructions to the. trial court to restate its conclusions of law in harmony with this opinion, and to render judgment for appellant accordingly.