POST *v.* GRAND RAPIDS TRUST CO.

1. TRUSTS—INFANTS—DUTY OF CHANCERY COURT TO LOOK AFTER MINORS' INTERESTS—ADVANCEMENTS.
   It is one of the particular duties of a court of chancery to look after the interests of minors, and it may, if necessary, permit the anticipation of, or advancement from, a trust fund that will eventually go to them, in order to provide for their education and support.

2. SAME—RESTRICTIONS ON ACCUMULATIONS—STATUTES—REALTY.
   Restrictions on accumulations of rents and profits from real estate imposed by 3 Comp. Laws 1929, §§ 12957–12959, relate to realty only.

3. SAME—DEVIATION PERMITTED WHEN EXIGENCY ARISES.
   Deviation from express terms of testamentary trust can only be permitted under extraordinary circumstances when an exigency arises which it is believed testator did not anticipate.

4. WILLS.
   Court may not disregard lawful conditions of a will and make a new will.

5. TRUSTS—ADVANCEMENTS CEASE WHEN MINORS REACH MAJORITY.
   Advancements to minors from accumulations in testamentary trust fund which will eventually go to them, in order to provide for their support and education, may not be continued after they reach their majority, where not provided for in the will.

Appeal from Kent; Dunham (Major L.), J. Submitted June 5, 1931. (Docket No. 119, Calendar No. 35,802.) Decided October 5, 1931.

Bill by Fannie Hazeltine Post and others against Grand Rapids Trust Co. and another, trustees under will of Anna O. Hazeltine, deceased, to secure advancements for beneficiaries under the trust fund.

From decree ordering advancement to adult beneficiary, defendants appeal.     Reversed.

*Travis, Merrick, Johnson & McCobb,* for plaintiffs.

*Taggart & Kingston,* for defendants.

Butzel, C. J.     The will of Anna O. Hazeltine, deceased, provided that the residue of her estate be divided into two equal trust funds; that the income, not in excess of $300 a month from each fund, be paid to the daughter for whose benefit the fund was created, and, upon her death, to her issue, by right of representation, until her youngest child, living at the time of testatrix's death, shall be or attain the age of 25 years, when the *corpus* with the accumulations of income over $300 a month is to be distributed to such daughter's issue, by right of representation.     Both daughters survived testatrix.     Carl M. and Rudolph Montgelas, sons of Fannie Hazeltine Post, one of testatrix's two daughters, survived testatrix.     During the first year of the administration of the trust for Mrs. Post, the total income from her trust fund was $5,234.18, or $2,617.09 in excess of the monthly payments made to her.     Mrs. Post's children required financial assistance to continue their education.     Upon a petition duly filed, the trial judge was correct in ordering that accumulations for the benefit of the children might, under the circumstances, be used for their education.

It is one of the particular duties of a court of chancery to look after the interests of minors, and it may, if necessary, permit the anticipation of, or advancement from, a trust fund that will eventually go to them, in order to provide for their education

and support. *Knorr* v. *Mallard,* 52 Mich. 542. Further authorities are cited in the notes to *Stewart* v. *Hamilton* (151 Tenn. 396, 270 S. W. 79), in 39 A. L. R. 37–43.

Accumulations of rent and profits from real estate under conditions imposed by the will in the instant case are restricted by 3 Comp. Laws 1929, §§ 12957–12959, which, however, only relate to realty. The residue of the Hazeltine estate consists entirely of personalty.

The serious question presented in the instant case is whether advances may be made after children reach their majority. The court entered an additional order authorizing the trustees to advance to Mrs. Post's oldest son, who had reached the age of 21, further sums in order to complete his college education. The trustees have appealed from this order. *Young* v. *Young, ante,* 173, upholds a deviation from the express terms of a trust to provide for an exigency that arose after the testator's death, and was not within his contemplation when his will was drawn. Such deviation can only be permitted under extraordinary circumstances when an exigency arises which it is believed testator did not anticipate. We may not speculate as to what testatrix's motives were, or whether the postponement of payments to the grandchildren was due to a lack of foresight or wisdom on her part. The circumstances in this case do not present such an unusual exigency as to warrant a deviation from the express terms of the will. Even if we are in full sympathy with the position of appellees, we may not disregard lawful conditions of a will and make a new will for the testatrix. *Johnson* v. *Warren,* 74 Mich. 491; *Mills* v. *Michigan Trust Co.,* 124 Mich. 244; *Wales* v. *Templeton,* 83 Mich. 177. Authority should not

have been given to the trustees to advance any of the trust funds to a grandchild who has become of age. The order of the lower court authorizing such advancement is herewith reversed, with costs to appellants.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.