In the Matter of the Application to Use the Principal of the Estate of LEONARD KAUFMAN, an Infant.

Surrogate's Court, Richmond County, November 15, 1932.

*A. Walter Socolow*, for the petitioner.

SMITH, S. It appears from the moving papers that the father of the infant created a trust for the minority of the infant, and that the fund was to be paid to him upon his arrival at full age.

The trustee under the will has been appointed the general guardian of the infant, but has no funds in her hands as such general guardian.

The application, which was made by the mother of the infant, seeks the order of this court directing the person who is both the trustee and the general guardian to pay to her, for the infant's support and education, the balance of the trust fund. Said general guardian has no assets in her hands, but she has, as trustee of the father's estate, the moneys which belong to the infant.

The will of the father of the infant was not probated in this county, and an application to direct the trustee to pay over funds must be made to the Surrogate's Court of original jurisdiction, but I doubt that such surrogate would have jurisdiction to entertain the application to expend principal held in trust, for I do not

believe that a Surrogate's Court has sufficient equitable jurisdiction to grant the relief desired.

It would appear from *Matter of Kaufman* (113 Misc. 202, at p. 204) that only the Supreme Court would have sufficient equitable power to direct a trustee to pay over the principal of an infant's estate, in contravention of the terms of the will, although the moneys were absolutely necessary for the infant's support and education.

Undoubtedly the application of the infant's money would be of great service to him at this particular time, but as the surrogate of Richmond county has no jurisdiction in the matter, the application is denied.