*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re GERALDINE M. BENJAMIN TRUST.

| | |
|---|---|
| KATHLEEN JANSEN, Trustee of the GERALDINE M. BENJAMIN TRUST, | UNPUBLISHED<br>April 30, 2020 |
| Appellee/Cross-Appellant, | |
| v | No. 345632<br>Ogemaw Probate Court |
| DAVID ZETTLE and LUANN ZETTLE, also known as LOUANN ZETTLE, | LC No. 17-015903-DE |
| Appellants/Cross-Appellees. | |

Before: O'BRIEN, P.J., and JANSEN and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

Plaintiffs challenged the validity of a September 21, 2011 will and a 2012 trust amendment appointing defendant David Zettle as personal representative and trustee of Geraldine Benjamin's estate. After conducting a trial, the probate court found that the documents had been forged. I concur with the majority's holding that the probate court's findings are well supported by the evidence and that the court did not abuse its discretion by invalidating both documents.

By the time of the trial, David Zettle had distributed the trust's assets in accordance with the forged documents. Unsurprisingly, the forged instruments bequeathed substantial sums to the Zettle family. The probate court ordered the Zettles to reimburse the Trust in the amount of $371,955.40. Additionally, the court declared that "Luann Zettle has forfeited her right to her portion of the trust inheritance and she shall be paid in accordance to the trust documents as a predeceased heir." On appeal, the Zettles challenge LuAnn's "disinheritance" from Benjamin's validly executed estate documents as a remedy not contemplated by the Michigan Trust Code, and assert that the trial court miscalculated the amount of the trustee surcharge applied to David Zettle.

The majority holds that the probate court possessed the authority to withhold LuAnn Zettle's share of the estate as an equitable sanction for her misconduct in scheming with her

husband to "defraud the beneficiaries through forgery and to obtain significant financial benefit." I concur that the court had authority to sanction LuAnn Zettle, but I respectfully disagree with the majority's analysis for two reasons.

First, the majority misunderstands or ignores a salient fact. In disinheriting LuAnn, the probate court did *not* exercise any independent authority to provide a "disincentive" to others, or to equitably penalize the Zettles for their misconduct. Rather, Benjamin's original April 14, 2011 will, which the court determined to be valid, contains a "No Contest Clause" providing as follows:

> If any person or entity, other than me, singularly, or in conjunction with any other person or entity, directly or indirectly, contests in any Court the validity of this Will, including any codicils thereto, then the right of that person or entity to take any interest in my estate shall cease, and that person or entity shall be deemed to have predeceased me.

Although the probate court did not reference this provision in its opinion, the language of the probate court's judgment (and the law) support that the court relied on the no-contest clause in disinheriting LuAnn.

The second ground for my disagreement with the majority dovetails with the first. The experienced probate judge who presided over this case undoubtedly understood that she could not simply rewrite the decedent's estate plan to penalize Zettle, as the majority suggests. "The cardinal rule in will cases is to ascertain and give effect to the intent of the testator." *In re Bair Estate*, 128 Mich App 713, 716; 341 NW2d 188 (1983). A probate court has no authority to rewrite the provisions of a will, or to "equitably" disinherit a beneficiary based on the court's perception that doing so represents a just sanction for misconduct. See *Post v Grand Rapids Trust Co*, 255 Mich 436, 438; 238 NW 206 (1931) ("Even if we are in full sympathy with the position of appellees, we may not disregard lawful conditions of a will and make a new will for the testatrix."); *George v Haber*, 343 Mich 218, 229; 72 NW2d 121 (1955) ("Equity may grant relief when necessary to protect the carrying out of the purposes of a trust or to prevent the destruction of, or injury to, trust funds, in the event that altered circumstances create an exigency justifying intervention."). No legal authority supports that a probate court may simply eliminate a beneficiary if the court feels aggrieved by the beneficiary's conduct. And contrary to the majority, the court did not do so here. Because the majority's analysis lacks legal and factual merit, I cannot join it.

Furthermore, the majority need not have conjured an equitable remedy out of thin air to do justice in this case. Even absent a "no contest" clause, the probate court had a punishment mechanism at its disposal. The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, provides for a powerful sanction in a case such as this:

> If a person embezzles or wrongfully converts trust property, or refuses, without colorable claim of right, to transfer possession of trust property to the current trustee upon demand, the person is liable in an action brought by the current trustee, or the beneficiary of the trust for the benefit of the trust, for double the value of any property embezzled, converted, or wrongfully withheld from the current trustee. [MCL 700.7813(4).]

David and LuAnn Zettle embezzled trust property. This sanction was available regardless of whether the will included a no-contest clause.[1]

I would hold that LuAnn's disinheritance conformed with Geraldine Benjamin's testamentary intent as clearly stated in her will, and that the trial court's calculation of the amount due to the estate, while perhaps not as clear-cut as the majority describes, fell within the court's discretion.

/s/ Elizabeth L. Gleicher

---

[1] Although not altogether clear, it appears that the court applied MCL 700.7813(4) to the distributions ordered for the deceased's eligible grandchildren.