## SHELLEY and another *v.* PURDY and others.[1]

### (*Circuit Court, E. D. Missouri.* October 31, 1885.)

**MORTGAGE OF PROPERTY HELD IN TRUST—ESTOPPEL.**

A. died, leaving seven children. In his will he named his wife, B., and two of his sons, C. and D., as his executors, and directed them to convert his estate into cash and invest the proceeds in real property, with a life interest in B. and remainder to A.'s heirs. The investment was made, but the executors took the title in their individual names without any declaration of the trust, and C. and D. then conveyed their interest in the estate by a quitclaim deed to B., who thereafter mortgaged the property to X. to secure the payment of promissory notes. None of the other heirs assented to the mortgage, and X. took with notice of their interests. *Held*, that after B.'s death C. and D. were estopped from claiming any interest in the mortgaged property in a suit brought to foreclose the mortgage, but that the mortgage had not affected the interests of the other heirs.

In Equity. Foreclosure suit. Bill of review and cross-bill.

Most of the material facts are stated in the opinion of the court. Aaron Purdy left seven children. Haley Parkins is a married daughter. Martha J. Chapman is a deceased married daughter, and Maud Chapman is her only child and heir. The bill of foreclosure was brought to foreclose a deed of trust executed by Nancy Purdy, and conveying the real estate purchased by her and her husband's other executors to James Hagermann, as trustee, to secure the payment of certain promissory notes executed and delivered by her and William Purdy to W. F. Shelley, trustee. The heirs in their answer and cross-bill state that said notes were given for an antecedent debt of William Purdy's, and that Nancy Purdy was an accomodation maker; that the conveyance from John J. and William M. Purdy to their mother was by a quitclaim deed and without consideration; and that the complainants knew when said deed of trust was executed and delivered that the real estate conveyed was held in trust by Nancy Purdy. The prayer of the cross-bill is that the complainants in the original bill be divested of all title in and to the mortgaged premises, and that the same be vested in the heirs of Aaron Purdy. The words used in the granting clause of the deed from John J. and William M. to Nancy Purdy are "demise, release, and forever quitclaim." The consideration recited is $500.

*Hagerman, McCrary & Hagerman,* for complainants.

*Dryden & Dryden,* for respondents and complainants in the cross-bill.

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

TREAT, J.   A decree of foreclosure was heretofore entered against Nancy Purdy, but before the same was executed she died.   A bill of revivor is now pending against her heirs and legal representatives. It appears that Aaron Purdy died in 1857, leaving as his executors the said Nancy and his two sons William M. and John J., with authority to convert his estate into cash and invest the same as by his will provided into realty, with a life interest in her and remainder to the heirs.   That investment was had.   The executors took the property in their individual names without any declaration of the trust charged.   The date of that deed was October 1, 1861.   On July 2, 1868, the said William M. and John J. Purdy released to Nancy Purdy all their interest in said property.   Here was an undisclosed trust whereby innocent parties dealing with said property might be misled.   So far as William M. and John J. Purdy are concerned, they, and those claiming under them, are estopped as to what may have subsequently occurred in the transfer of said property by said Nancy Purdy to innocent parties for value.   If forms of conveyance were had which technically might cut off beneficiaries, they are not bound thereby unless they had notice thereof, and have not within a reasonable time made known their demands, or have assented to a subsequent conveyance of the property to an innocent party, or, by their conduct, induced said innocent party to believe that the absolute title was in the party holding the same in fee.

It appears that there were seven heirs of Aaron Purdy.   As already stated, the rights of William M. and John J. cannot be asserted by them under the bill of revivor herein.   As to the other heirs, a different question is presented.   It is stated that in the negotiations by William M. Purdy, for which the deed of trust was given, he requested the sum of $500 in cash, in addition to the advance of goods and his antecedent debt, in order that he might buy out the interest of Haley Parkins, his sister, with said cash.   This is an important fact connected with the disputed question as to the knowledge of the beneficiaries in the deed of trust that Nancy Purdy did not have an absolute interest in the property.   Hence the court must find, in the light of all the testimony, that the plaintiffs had ample notice of the outstanding interests in equity of all the heirs of Aaron Purdy who had not released their interest or become estopped against asserting the same.

1. It is asserted that James R. Purdy knew of the execution of the deed of trust at the time the same was made.   He was then of age. The testimony shows that there was presented to him a paper for the relinquishment of his interest, and consent to the execution of said deed, which he refused.   This further confirms the fact that it was known that the relinquishment of the heirs was necessary to carry a complete title.   Therefore the title of James R. Purdy did not pass.

2. It is stated that of the sum advanced by the creditors of William M. Purdy he represented that $500 should be for the purpose

of buying out Haley Parkins' interest in the estate. It does not appear that any such or other sum was paid to her, nor did she execute a relinquishment of her interest, and therefore her title did not pass. But the fact that such a sum was necessary to be advanced shows that the creditors knew that there was an outstanding interest.

3. As to Martha J. Chapman's interest. There is nothing in the evidence to indicate that either she, or those representing her, knew of the said deed of trust, or had any connection therewith, nor whether they, or either of them, were *sui juris*, and if so, during what period.

4. The same appears to be true with respect to Elizabeth Hicks.

5. The same is true as to George Purdy.

It is therefore ordered, adjudged, and decreed that said plaintiffs have leave to proceed to sell under the decree of foreclosure heretofore ordered the undivided two-sevenths of the title to said property described, to-wit, the interests of William M. Purdy and John J. Purdy, heirs of Aaron Purdy. And it is further ordered that the other five-sevenths be vested in said Haley Parkins, James R. Purdy, Maud Chapman, George Purdy, and Elizabeth Hicks, each respectively an undivided one-seventh interest in the said property.