GARVEY *v.* OWENS *et al.*

(*Supreme Court, General Term, First Department.* December 29, 1890.)

1. TRUSTS—ACCOUNTING—RENTS—COMMISSIONS.
  On a decree for the conveyance of real estate by defendant to plaintiff, and for an accounting of the rents thereof, it is proper to allow defendant the commission paid by it for the collection of rents, where it was acting in the matter as the guardian of infants, and not on its own account.

2. SAME—EXPENSE FOR REPAIRS.
  Expenses incurred for repairs are also a proper allowance where the repairs were necessary to full enjoyment of the premises, and without them it would have been impossible to rent the same.

3. SAME—INSURANCE.
  Defendant is also entitled to an allowance for insurance, it being its duty, as guardian of the infant owners, to keep the premises insured.

4. SAME—TAXES.
  It is also entitled to credit for taxes paid during the period limited for the accounting.

5. SAME—COSTS.
  An accounting being necessary to settle the rights of the parties, and it not having been made voluntarily, it is error to allow the costs of the action therefor against plaintiff.

6. SAME—INTEREST ON RECEIPTS.
  Where defendant is allowed interest on disbursements made by him out of the rents, he is to be charged with interest on the rents received.

Appeal from special term, New York county.

Action by Joseph J. Garvey against the New York Life Insurance & Trust Company, Joseph Garvey, an infant, and Margaret Owens, for an accounting. Plaintiff died pending the action, and John Garvey, his administrator, was substituted as plaintiff. He appealed from an interlocutory judgment directing an accounting, and, on his appeal, such judgment was modified, and, as modified, affirmed. See decision on such appeal, 7 N. Y. Supp. 818. On an accounting pursuant thereto, before a referee, final judgment was entered crediting defendants Owens and Garvey with a certain sum more than they were chargeable with, dismissing the complaint, and awarding said defend-

ants costs against plaintiff. Plaintiff appeals from the judgment, and defendants Owens and Garvey also appeal from so much of the judgment as awarded to them said sum, claiming a larger amount.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George C. Genet*, for plaintiff. *Weekes & Forster*, (*H. A. Forster*, of counsel,) for defendants Owens and Garvey.

VAN BRUNT, P. J. The principal grounds which are urged by the plaintiff (appellant) upon this appeal are those which have been disposed of by this court upon a previous appeal, and it is not necessary to consider the same here. This judgment was the result of an accounting between the parties as to the rents, etc., of certain premises of which the plaintiff's decedent had been adjudged to be entitled to a conveyance. In the course of the accounting the referee allowed the defendants to charge a percentage for the collection of the rents of the premises in question. It was clear that the trust company was entitled to employ agents for the collection of these rents, and, having that legal right, they could lawfully pay for the services of such agents. The point made by the appellant seems to be that the defendants were collecting rents upon their own account. But it appears that the trust company, as guardian of the infants, was in reality managing the estate, and as such had a right to employ all suitable agents. There is some question in regard to certain expenses incurred for repairs; and it is claimed that they were excessive, and were more than repairs. But the evidence shows them to have been absolutely necessary to the full enjoyment of the premises; and that without them it would have been impossible to rent the same. It is urged that the allowance for insurance was error. If these parties were trustees for the real owners, they were bound to keep the premises insured, and were entitled to an allowance for the expense thereof. It is further urged that the allowance for taxes paid on the 28th December, 1882, for the year 1877, was error. These taxes were paid by the trustees within the period limited for the accounting, and, although they were past due, yet they were disbursements which it was necessary to make and for which they should have credit. Upon the question of costs, we do not think that costs should have been allowed against the plaintiff. It was necessary, in order that the rights of the parties should be adjudicated, that this action should be brought. There was no voluntary accounting, and although as a result of the accounting, which was absolutely necessary in order to settle the rights of the parties, it was found that a small balance was due to the defendants, yet it does not appear that a proper case was made out for the allowance of costs, and this portion of the decree should be modified. It is claimed upon the part of the defendants that error was committed in charging them with interest upon the amount of rents received, and it is urged that, by the terms of the decree under which this accounting took place, it was clearly contemplated that they should not be charged with interest. We think, on the other hand, that no such intention is manifest by the language of the decree; and that, the defendants being allowed interest upon all their disbursements, it is but just that they should be charged with interest upon the receipts. All the payments which they made were made from moneys they had received from these premises, except a very small sum; and it is not just that they should receive interest for payments made out of moneys belonging to the plaintiff which they had received, unless interest is also charged upon the receipts. The judgment as modified should therefore be affirmed, without costs. All concur.