JOHN ELWOOD PACKARD *et al.* Appellees, *vs.* THE ILLINOIS
TRUST AND SAVINGS BANK *et al.* Appellants.

*Opinion filed February 21, 1914.*

1. TRUSTS—*when court of equity may authorize change in char-
acter of improvements on property.* Where changes occur after
the death of the testator which will defeat his intention in creating
a trust in land owned by him upon which is an apartment building
erected by the lessees under the terms of a ninety-nine year lease,
a court of equity may, with the consent of the lessees and the par-
ties interested as devisees and heirs, authorize the making of a new
ninety-nine year lease providing for a character of improvement
suitable to the changed condition and which will enable the tes-
tator's intention to be carried into effect.

2. PRACTICE—*when minor defendants need not be brought into
court by new summons.* Where minor defendants to a chancery
proceeding are properly in court and represented by a guardian
*ad litem* it is not necessary that they be again brought into court
by a new summons upon the filing of supplemental and amended
supplemental bills.

APPEAL from the Circuit Court of Cook county; the
Hon. ADELOR J. PETIT, Judge, presiding.

GARNETT & GARNETT, and JAMES S. WIGHT, (EUGENE
H. GARNETT, of counsel,) for appellants.

FREDERICK A. BROWN, and WILLIAM R. T. EWEN, JR.,
(RAYMOND S. PRUITT, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

John A. Packard being the owner of real estate in the
city of Chicago having a frontage of 120 feet on Jackson
boulevard and 100 feet on Morgan street, leased the same
to Michael J. Howard and Lazarus Berwin for a term of
ninety-nine years from July 1, 1890. The lessees agreed to
pay as rent $2800 per year, to pay the taxes, assessments
and water rates, and to erect on the premises an apartment
building costing not less than $40,000, which the lessor at

the termination of the lease was either to purchase at the appraised value, or extend the lease thirty-three years at an annual rent equal to the legal rate of interest on the then value of the demised premises, to be ascertained by appraisement. The lessor died in the year 1898, and by his will devised the premises to his son, John Elwood Packard, for life, subject to the lease and certain annuities. At the death of the life tenant the premises were devised, subject to the annuities, to the Illinois Trust and Savings Bank in trust, to hold and manage the same for the term of twenty-one years, paying the net income as directed by the will, and at the expiration of the trust the premises, or proceeds thereof, were to be turned over absolutely to the descendants of the life tenant, if any were living. The building provided for was erected as an apartment building, and until the death of John A. Packard it was in a residence district, which afterward changed to a district devoted to warehousing and manufacturing. The building was only adapted to its original purpose, and the only tenants that could be procured were of a very poor class, financially irresponsible, who disregarded the obligations of their leases and came and went as they pleased. There were a great many vacancies, which were increasing, and for some time before November, 1912, the income from the property had been less than the charges against it and necessary repairs. The lessees were not willing to make any improvements unless granted a new lease for ninety-nine years, and it was only a question of time when the premises would not be security for the ground rent. Roy B. Tabor, Frank W. Alter and Isaac Mekeel had become the owners of the lease, and they agreed with John Elwood Packard, the life tenant, that a new lease ought to be made under proper safeguards which would protect the interests of all the parties. John A. Packard left a widow, now deceased, and John Elwood Packard, the life tenant, and Felicia M. Norris, his children and only heirs-at-law. John Elwood Packard has

two children, Mary C. Packard and Hattie Packard, and Felicia M. Norris has one son, who has two children, Harry Norris, Jr., and John Norris, both minors. To carry out the plan agreed upon by the life tenant and the lessees they filed their bill in this case in the circuit court of Cook county, making the trustee and all living persons other than themselves who had a vested or contingent interest, defendants. The prayer of the bill was that the complainant John Elwood Packard, and the defendant the Illinois Trust and Savings Bank, trustee, should be decreed to execute a new lease to the tenants, Mekeel, Tabor and Alter, for a period of ninety-nine years at the same rental, but requiring the lessees to convert the first floor of the Jackson boulevard frontage into stores within eighteen months, and to take down the existing building within twenty-five years and erect a new mercantile building, costing not less than $50,-000, which on the termination of the lease should become the property of the lessors. The adults answered the bill and the minors were served with process, and a guardian *ad litem* was appointed, who answered for them. There was a supplemental bill and amended supplemental bill, alleging that Isaac A. Mekeel died testate, that Elizabeth S. Mekeel was his sole devisee, and that John Elwood Packard had conveyed his interest in the premises to Felicia M. Norris. Elizabeth S. Mekeel and the administrator with the will annexed of Isaac A. Mekeel were substituted and the chancellor heard the cause in open court. A decree was entered in accordance with the prayer of the bill, requiring proper security when the existing building should be taken down and the new one erected. Felicia M. Norris by her answer admitted the allegations of the complainants, alleged that it was for the best interest of all parties that a new lease should be executed, and was contented with the decree. The other defendants appealed.

Where exigencies have arisen after the death of a testator which would practically defeat his will, a court of

chancery has jurisdiction to meet the situation by making such provisions as will accomplish the purposes of the testator and which it is apparent he would have made if he had contemplated the changed conditions. This is such a case. John A. Packard designed the property to furnish income to his son, John Elwood Packard, during his life and to the beneficiaries after his death, and to that end he devised the life estate and created a trust afterward for twenty-one years. On account of changes in the nature of the business carried on in the neighborhood, which, if they had been anticipated by the testator, would undoubtedly have been provided for by him, it became necessary to make a change in the improvements in order that the intention of the testator might be carried out, so that the case comes within the rules stated in *Marsh* v. *Reed,* 184 Ill. 263, and *Denegre* v. *Walker,* 214 id. 113. It is sometimes a serious question whether a court of equity ought materially to change the plan of the testator by authorizing a lease beyond the period of the trust created or beyond the time provided for distribution, although that may be done where absolutely essential to carry out the intention of the testator under existing conditions. There is no embarrassing question of that kind in this case, for the reason that the testator himself had leased the property for ninety-nine years, with an agreement either to take the improvements at the end of that period at an appraised valuation or extend the lease thirty-three years, and by his will provided that the trust was to come to an end in twenty-one years after the death of John Elwood Packard, which would almost certainly be before the termination of the lease, regardless of the agreement for the extension. The testator expected the beneficiaries to receive the property subject to a lease extended beyond the period of the trust, and the extension authorized by the chancellor was not beyond the time that the original lease was to be extended unless the lessors saw fit to take and pay for the improve-

ments. It was the judgment of John Elwood Packard, the life tenant, and his sister, the only other heir-at-law, that the new lease ought to be made in the interest of all the parties, and we see no good reason to differ with the conclusions of the chancellor.

It is suggested that the minor defendants should have been brought into court by a new summons upon the filing of the supplemental and amended supplemental bills. They were in court for all purposes of the suit and were represented by the guardian *ad litem,* and it was not necessary that they should be summoned a second time. *Shaw* v. *Bill,* 95 U. S. 10; *Mix* v. *Beach,* 46 Ill. 311.

The decree is affirmed.

*Decree affirmed.*