(No. 15463.—Decree affirmed.)
LOUIE D. CARY, Appellee, vs. RUSSELL C. CARY et al.
Appellants.

*Opinion filed October 20, 1923.*

1. TRUSTS—*power of court of equity to modify trust.* A court of equity, in order to prevent a trust estate from being totally lost to the beneficiaries by reason of unforeseen circumstances arising since the trust was created, has power to modify the terms of the trust.

2. SAME—*when equity has power to order sale of real estate.* Where a trust is created by deed to a farm for the benefit of the grantor's grandson for life and at his death the fee to go to his heirs-at-law and with power in the trustee to convey the fee to the grandson at any time she thinks best, but the trustee dies after about twenty-five years without making the conveyance, and the farm has become so unproductive that it is not bringing enough income to pay the taxes and repairs, a court of equity, to prevent the loss of the estate, may appoint a new trustee, order a sale of the land and direct that the proceeds thereof be held under the terms of the trust.

3. PARTIES—*when decree is binding upon contingent interests of persons not in being.* Where a deed creating a trust in land for the life of the grantor's grandson provides that upon his death the land shall vest in fee simple in his heirs-at-law, the children of such grandson living at the time he files a bill to modify the trust by a sale of the land have the same interest in the land as any children who may be born in the future, and if the living children are parties to the bill the decree will be binding not only upon them but upon any child who may subsequently be born.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

ELAM L. CLARKE, guardian *ad litem*, for appellants.

PERRY L. PERSONS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a bill filed in the circuit court of Lake county on February 19, 1923, by Louie D. Cary, praying for the appointment of a trustee and a decree authorizing the sale

of certain real estate conveyed in trust on April 17, 1897, by Dewitt Spalding to his daughter, Eva J. Price. The court entered a decree in accordance with the prayer of the bill, and two minor defendants have appealed from the decree.

The trust was set forth in the following language in the deed: "In trust, nevertheless, to hold for the use and benefit of Loue D. Cary, the grandson of the grantor and the son of a deceased daughter, the said grantee to have the full charge and control of said real estate and give the use, rents, profits and income of the same to the said Loue D. Cary, at whose death the said real estate shall vest in fee simple in the heirs-at-law of the said Loue D. Cary, subject to such rights of his surviving widow as she would have under the laws of the State of Illinois in case he had died intestate the owner in fee of said real estate, provided, however, that the said grantee may at any time hereafter convey the said real estate to the said Loue D. Cary in fee simple if in her sound judgment she thinks it is best." Eva J. Price, the trustee, died on March 29, 1920, leaving a will, by which, after making certain bequests of money, she devised all the residue of her estate to her children, Henry S. Price and Eva S. Boynton, who were her only heirs, making no mention of the real estate held by her in trust, and her estate has been settled. Soon after her death her heirs executed a quit-claim deed purporting to convey the real estate which had been conveyed to their mother in trust, to Louie D. Cary. This deed contained a recital that it was given to confirm title to the premises in the grantee and to release and terminate the trust in accordance with the wish and desire expressed by Eva J. Price prior to her death, which she was unable to carry out by reason of her sudden and unexpected death. There are 110 acres of the land.

The bill, after alleging the foregoing facts, averred that the complainant believed that he had obtained by this con-

veyance the title in fee simple to the property free from the provisions of the trust, but that the discretion given Eva J. Price died with her and could not be exercised by anyone else; that her heirs had no right to appoint a new trustee, the execution and delivery of their deed to the complainant was in effect a waiver of their right to act as trustees, and they now declined to act, and for this reason application was made to a court of chancery to appoint a trustee. It was alleged that the complainant is a widower and has four children, Louie Delbert Cary, twenty-six years old, Dewitt C. Cary, twenty-one, Russell C. Cary, seventeen, and Marjorie Cary, fourteen years old; that he is fifty-four years old, has worked for the North Shore Gas Company for several years by the day at a small compensation; that his health is poor and he cannot work steadily and has not worked on account of illness since January 9, 1923; that sometimes he will have steady work and at other times will be unable to work on account of illness; that he has no property of his own and has been compelled to borrow money to pay the taxes on the property involved here; that he has a life estate in a house and lot in Waukegan, the title of which is in his three sons, which he occupies with his son Dewitt and his daughter, Marjorie, his daughter keeping house for them; that Russell is in Chicago with an uncle, by whom he is supported; that his son Louie is married and has four children; that some time ago Dewitt received a severe injury and is not able to perform any heavy manual labor or hold any position which will bring him much return, and neither the complainant nor any of his children are financially able to pay the taxes or make repairs on the property mentioned; that the property has on it a frame house of about six rooms, built about seventy-five years ago and greatly in need of repairs; that the shingles are off the roof in places, the plaster is off in various rooms, most of the floors are out of repair, the house is built on a brick foundation with bricks between the two-

by-four uprights, with clapboards on the outside and laths on the inside nailed directly to the two-by-fours; that the house is practically uninhabitable, and that it would cost as much to repair it as to build a new house; that the barn is out of repair and requires a new roof to be usable; that the buildings are so old as to be practically useless and no adequate insurance can be obtained on them; that ten acres of the tract are not rented and the remaining 100 acres are rented for four dollars an acre and the tenants are attempting to live in the house, but unless repairs are made they will move out and the complainant would be unable to get a tenant to pay even the rent he is now receiving; that the land is not good agricultural land, being clay soil very badly run out; that 30 acres are untillable, being covered with brush and scrub trees and not even available for pasturage; that not more than five or six bushels of oats can be raised to the acre on the tillable land; that the line fences are in a bad state of repair and incapable of turning stock, and there are no division fences on the farm which are of any account; that the highest rent the complainant has been able to get for the 100 acres, until he got the present tenants a year ago, was $315; that the taxes have steadily increased; that for the year 1920 he paid $299.19 taxes, and for the year 1921, $376.85; that while the land has no value as farm land it has a value for residence purposes, being a little over half a mile from the west city limits of the city of Waukegan; that in the revision of valuations for taxation to be made this year the value of the land will undoubtedly be raised, so that the taxes will be materially increased; that complainant has no money and no means of obtaining money with which to pay the taxes for the year 1922, which will soon be payable, nor will there be sufficient rent available to pay them before sale; that by reason of his poor financial condition the land has been heretofore sold for taxes, and it was with great difficulty, and with the aid of friends, that he was able to redeem the property

from tax sale; that it is not possible to sell or mortgage the premises by reason of the uncertainty as to who will be the heirs-at-law of the complainant; that the complainant's four children are all the persons who now have or may have any right, title or interest in the premises except the complainant and the tenants, and that said persons represent the beneficiaries of the estate as a class; that the value of the land is about $27,500; that it is constantly depreciating in rental value, and that it will be for the best interest of the beneficiaries under the trust that a trustee be appointed and authorized and directed to sell the land at private sale for an amount not less than $27,500 and invest the same.

Summons was served on Louie Delbert Cary and the minor defendants, Russell C. and Marjorie Cary. The appearance of Dewitt C. Cary, Henry S. Price and Eva S. Boynton was entered, consenting to a decree in accordance with the prayer of the bill. A guardian *ad litem* was appointed for the minor defendants and answered. The adult defendants were defaulted.

Evidence was introduced, consisting of the testimony of Henry S. Price and of other witnesses residing near and acquainted with the land, which fully sustains the allegations of the bill. The premises are unproductive. The life estate is a burden and not a help to the complainant, and the provision intended for his benefit during his life is worthless to him. The remainder to his children is not available to them in any practical way during his life, and the estate is liable, under present conditions, to become greatly depreciated and incumbered or wholly lost before it comes to their possession. The deed creating the trust provided a method for its termination, but that has become impossible by the death of the original trustee, and the beneficiaries have no remedy unless relief can be afforded in this proceeding.

The power of a court of chancery to modify a trust under the conditions which are shown in this case is firmly established in this State by a series of decisions, some of

which are: *Curtiss* v. *Brown,* 29 Ill. 201; *Hale* v. *Hale,* 146 id. 227; *Gavin* v. *Curtin,* 171 id. 640; *Denegre* v. *Walker,* 214 id. 113; *Roberts* v. *Roberts,* 259 id. 115; *Johns* v. *Montgomery,* 265 id. 21. In the first of these cases it is said: "Exigencies often arise not contemplated by the party creating the trust, and which, had they been anticipated, would undoubtedly have been provided for, where the aid of the court of chancery must be invoked to grant relief imperatively required, and in such cases the court must, as far as may be, occupy the place of the party creating the trust and do with the fund what he would have dictated had he anticipated the emergency." A court of chancery will not authorize the conversion of real estate into personal property or a modification of the terms imposed upon the trust by its creator merely for the purpose of enabling the beneficiaries to receive a greater income from the property or use it in what they may regard as a more profitable manner than that provided by the trust. (*Johns* v. *Johns,* 172 Ill. 472.) Where a contingency arises, however, such that the estate may be totally lost to the beneficiaries of the trust, a court of equity will not permit such loss for lack of power to modify the terms of the trust. This trust was created by the donor for the express purpose of providing an income for his grandson during his life and keeping the land together for the benefit of his heirs after the expiration of the trust. The trust will not be modified, in violation of the donor's intention, merely because the interest of the parties will be served by doing so, but only where such action is necessary to preserve the trust estate. Now, after the lapse of twenty-five years from the creation of the trust, the farm has become unproductive. It produces no income sufficient to keep up the repairs and pay the taxes, the income is decreasing, and the buildings are deteriorating with no means at hand for preventing their complete destruction. The evidence is that the land as a farm is not worth to exceed $5000. On account of its location the

most valuable purpose for which the land can be used is for subdivision. Its location with reference to the city of Waukegan makes it desirable for this purpose, and in the opinion of witnesses it can be disposed of for from $225 to $250 an acre for such purpose. The decree of the court appointing a trustee and authorizing the sale of the land for not less than $27,500 was justified by the evidence.

The deed creating the trust provides that upon the death of the complainant the land shall vest in fee simple in his heirs. His four children, who are his heirs apparent at this time, are made parties to the bill, and they are the only persons now in being who have any interest, contingent or otherwise, in the land as his heirs. Under such circumstances the decree made will be binding on the heirs of the complainant whoever they may be. The contingent interests of possible persons not in being, who cannot, therefore, be brought into court, will be bound by the decree of a court of chancery if persons having the same interests are parties to the proceeding so that the entire merits of the question are before the court. In such case the contingent interests are represented by the persons having identical interests who are parties and are equally certain to present the merits of the question and thus give those interests effective protection. (*Hale* v. *Hale, supra; Dole* v. *Shaw,* 282 Ill. 642; *Longworth* v. *Duff,* 297 id. 479.) In this case the contingent interests of any heirs of the complainant who may be born hereafter are protected by the decree, which requires a bond of the trustee for the faithful performance of his duties, a report and approval by the court of any sale, the payment of the income only from the fund to the complainant, and retains jurisdiction of the cause for the general supervision of the trust.

The decree will be affirmed.                *Decree affirmed.*