In the Matter of the Judicial Settlement of the Intermediate Account of CHARLES VICTOR WALTER, as Trustee of KATHERINE PETREMONT, under the Last Will and Testament of THEODORE PETREMONT, Deceased, Respondent.

KATHERINE PETREMONT, Appellant.

First Department, June 12, 1925.

**Trusts — expenses of administration — corpus and not income must bear expenses.**

The corpus of a trust fund and not the income must bear the costs and disbursements taxed in accounting proceedings of the trustee.

MARTIN and BURR, JJ., dissent.

APPEAL by Katherine Petremont from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 30th day of June, 1924, judicially settling the intermediate account of the trustee.

*Michael J. Horan,* for the appellant.

*Elliott & Robeson* [*Robert J. Robeson* of counsel; *Maxwell Hall Elliott* with him on the brief], for the respondent.

MERRELL, J.:

The decree of the surrogate adjudged that out of the cash balance of income the trustee herein retain the sum of $1,342.20 for his costs and disbursements as taxed on the accounting. In this respect the decree follows the report of the referee, to which the appellant took due exception.

It has long been the law in this State that the trust fund itself shall bear the expenses of administration and that no part thereof can be taken from income. (*Woodruff* v. *N. Y., L. E. & W. R. R. Co.,* 129 N. Y. 27; *Chisolm* v. *Hamersley,* 114 App. Div. 565.) In the case last cited, Mr. Justice HOUGHTON, writing for this court, said (at p. 569): " With regard to the expenses of the accounting, we think the court was right in charging them against the corpus of the estate instead of the income, or apportioning

them between the two. It is a general rule that the trust fund must bear the expense of its administration. (*Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27.)" In the recent case of *Matter of Eddy* (207 App. Div. 162) this court unanimously held (p. 164) that the costs and expenses incident to an accounting " should be [charged] against the *corpus* of the estate entirely, and not apportioned ratably between the life tenant and remainderman, as was done by the surrogate. (*Chisolm* v. *Hamersley*, 114 App. Div. 565; *Robertson* v. *DeBrulatour*, 188 N. Y. 301.)"

The beneficiary, I think, was entitled to the net income produced by the trust fund for her benefit untolled by the expenses of the accounting.

The decree appealed from should be modified by striking out the provision for the retention by the trustee of said sum of $1,342.20 for his costs and disbursements on this accounting, and as so modified affirmed, without costs.

CLARKE, P. J., and FINCH, J., concur; MARTIN and BURR, JJ., dissent.

Decree modified by striking out the provision for the retention by the trustee of the sum of $1,342.20 for his costs and disbursements on this accounting, and as so modified affirmed, without costs. Settle order on notice.