CLARA SUITER *et al.* Appellees, *vs.* VINTON McWARD *et al.* Appellants.

*Opinion filed December 21, 1927—Rehearing denied Feb. 10, 1928.*

1. PLEADING—*when a supplemental bill does not require new summons of minors.* Where a decree specifically reserves certain questions for further consideration, and after the mandate of the Supreme Court is entered in the trial court showing affirmance of the decree a supplemental bill is filed, minor defendants need not be again served with summons where they were properly in court in the original proceedings and represented by their guardian *ad litem* and where the supplemental bill is germane to the original bill.

2. TRUSTS—*equity may modify terms of trust and order sale where necessary to preserve estate.* A court of equity, in order to prevent a trust estate from being totally lost to the beneficiaries by reason of unforeseen circumstances arising since the trust was created, has power to modify the terms of the trust; and where the subject matter of the trust, consisting of farm land, is heavily mortgaged and not sufficiently productive to pay taxes, repairs and interest, the court, to prevent the loss of the estate, may order a sale of a portion of the land, and the deed of the trustees in such case will convey good title.

3. JUDGMENTS AND DECREES—*decree is not erroneous in failing to specify length of time of publication of notice of sale.* A decree ordering a sale of a portion of a trust estate is not erroneous in failing to specify the length of time of the publication of the notice of sale, as section 3 of the statute in regard to notices specifies the length of time and number of publications when not specified in the order of court.

APPEAL from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding.

LESLIE J. TAYLOR, HARRY B. HERSHEY, and W. B. McBRIDE, (C. E. FLESHER, of counsel,) for appellants.

HOGAN & REESE, PROVINE & PROVINE, and R. C. NEFF, guardian *ad litem,* for appellees.

J. A. MERRY, guardian *ad litem,* for certain minors.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Clara Suiter, individually and as executrix of the last will and testament of Charles Suiter, deceased, filed her bill in chancery in the circuit court of Christian county, making appellants parties defendant, praying for a construction of Suiter's will, which had been duly entered of record, for confirmation of her appointment as testamentary trustee and for partition of the estate. Such further proceedings were had in the case that a decree was entered therein construing the will, providing for the appointment of commissioners to assign dower, and specifically reserving all other items in controversy for the further consideration of the court. From that decree an appeal was taken to this court and an opinion was therein filed, (*Suiter* v. *Suiter,* 323 Ill. 519,) reference to which opinion is made for a more complete statement of the pleadings and facts involved in the original case. After the mandate of this court had been entered in the circuit court further proceedings were had in the cause, among which was the filing of a supplemental bill by Clara Suiter as trustee, making all the original parties, except herself, defendants thereto, in which she sought authority to sell certain of the real estate constituting the trust created by the third clause of Suiter's will, which was as follows:

"*Thirdly*—I hereby direct that my executrix hereinafter named, shall keep my estate all together for the term of five years from the date of my death, the same to be held in trust and managed by her, and out of the income therefrom, after paying taxes, repairs and necessary expenses of the management thereof, to pay the remainder of the income therefrom on any debts that I may owe at the time of my decease. The remainder of my estate after the payment of debts and funeral expenses, and provisions herein made for my wife, Clara Suiter, I give, devise and

bequeath as follows :" (Devising the remainder of the property among his several children and grandchildren.)

The supplemental bill alleged that a sale was necessary on account of the fact that the land was burdened with mortgages to the extent of more than $100,000; that the indebtedness was so great that the land would not produce the amount of the interest on the mortgages and the taxes; that many of the mortgages were past due and others were shortly to become due; that the estate was threatened with expensive suits, and that in order to preserve the trust estate from loss, waste and destruction it is necessary that certain of the real estate be sold by the trustee subject to the mortgage indebtedness. Answers were filed to the supplemental bill. Supplemental cross-bills were also filed, in which appellants alleged that the estate was mismanaged by the trustee, prayed that the trust be declared at an end, that an accounting by the trustee be had and that partition be made of the premises. To the supplemental cross-bills Clara Suiter filed an answer, in which she denied the charge of mismanagement.

While the cause was pending, and before the matter had been decided or a decree entered, the commissioners who had been appointed in the original decree filed their report assigning dower to the widow, and after a further hearing by the court a decree was entered which provided substantially as follows: (1) The report of the commissioners assigning dower to the widow was confirmed; (2) Clara Suiter was removed as testamentary trustee on account of ill-health, and Clifford S. Stokes, cashier of the First National Bank of Taylorville, and Alva L. Shrout, vice-president of the Taylorville National Bank of Taylorville, were named as joint trustees in her stead; (3) the court ordered that certain of the real estate constituting the trust, and being the real estate which was subject to mortgage indebtedness due or shortly to become due, be sold by the new trustees, the decree providing that the sale

be duly advertised and otherwise held according to law. The prayer of the cross-complainants that the trust be immediately terminated and destroyed and all of the real estate sold and converted into cash and distributed to the respective parties was denied. From this decree the cross-complainants appealed, and it is this decree which is before the court in the present instance.

Appellants are not assigning as error that part of the decree which provides for the removal of Clara Suiter as trustee or the appointment of her successors nor that part which confirms the order of the commissioners assigning dower to her, the only issue before the court being that part of the decree which provides that the mortgaged property be sold and denies to appellants an immediate dissolution of the trust, partition and sale of the property and final accounting of the trustees.

Two reports were filed by Clara Suiter as trustee, one during the course of her administration, the other being a final report upon her discharge. Objections were filed by the appellants to both of these reports. The matter of the approval of the reports is still pending before the circuit court of Christian county and is not involved in this appeal.

The facts set forth in the supplemental bill are fully supported by the evidence in the case. At his death Charles Suiter was seized of approximately 1300 acres of land in Christian county mortgaged for $103,000, of which, at the time of the entry of the decree, $47,000 was past due and $50,000 due January 17, 1928. The interest on the mortgages amounted to $2450 and the taxes amounted to $2061.87. The land is fairly level black farm land, with the exception of 40 acres in timber and 240 acres in pasture, which is broken by creeks and streams and not suitable for cultivation. There are six sets of improvements upon the premises. After Suiter's death, the widow, as trustee, operated the farm as a livestock farm, as had been done by her husband. By order of the circuit court she

328—30

was compelled to desist from livestock farming on account of its speculative nature. Mrs. Suiter testified that she had been unable to secure funds to pay off past due mortgages or funds to pay interest shortly to become due, and that certain of the mortgage creditors were threatening to foreclose. The evidence showed that the years in which she had operated as trustee had been very unfavorable years for farming operations in central Illinois. No witness on either side expressed an opinion that the estate in its present condition can be operated at a profit.

One of the errors assigned is that the court did not have jurisdiction of all the necessary parties to the supplemental bill, in that the minors were not served with process of summons. An inspection of the pleadings in the original case and of the supplemental bill discloses that the supplemental bill is germane to the original bill. Minor defendants were properly in court in the original chancery proceedings and represented by their guardian *ad litem.* It was therefore not necessary that they be again brought into court by a new summons upon the filing of the supplemental bill. *Packard* v. *Illinois Trust and Savings Bank,* 261 Ill. 450.

It is next contended by appellants that the court did not have power to authorize the trustee to sell the trust estate. A court of equity, in order to prevent a trust estate from being totally lost to the beneficiaries by reason of unforeseen circumstances arising since the trust was created, has power to modify the terms of the trust, and where a trust is created by deed of a farm for the benefit of beneficiaries, and during the existence of the trust the farm becomes so unproductive that it is not bringing enough income to pay the taxes, repairs and interest on mortgage indebtedness, a court of equity, to prevent the loss of the estate, may order a sale of the land and direct that the proceeds thereof be held under the terms of the trust, (*Cary* v. *Cary,* 309 Ill. 330,) and a deed made by the trustee in pursuance

of such order will convey a good title to the purchaser at such sale.

It is contended by appellants that the decree is erroneous in not fixing the terms and place of the sale and the length of time it was to be advertised. The decree provided that the premises be sold at public auction by the trustees, the sale to be held at the south door of the court house, in Taylorville, Christian county, Illinois, said sale to be duly advertised by publication in the *Daily Courier* and the *Daily Breeze,* newspapers published in the city of Taylorville; that bills announcing the sale be struck and the same be posted in conspicuous places in Christian county; that the terms of the said sale be as follows: Fifteen per cent deposit to be made on the day of sale, the remainder to be paid upon the approval of the sale by the court and delivery of the deed by the trustees. Section 3 of chapter 100 provides: "Whenever notice is required by law, or order of court, and the number of publications is not specified, it shall be intended that the same be published for three successive weeks." The decree was sufficiently specific.

It is contended by appellants that the court erred in not declaring that the object of the trust had failed, in not ordering the same ended, and in not requiring the trustees to make a final accounting. The object of the trust had not entirely failed, as the court did not order the sale of all of the trust estate but only a portion of the same. The court did order an accounting by the trustees.

The evidence clearly shows that the decree was for the best interests of the beneficiaries of the trust, and it is affirmed.

*Decree affirmed.*