## NAIL et al. v. AMERICAN NAT. BANK OF BRISTOW et al. (UNITED STATES et al., Interveners).

No. 1100.

District Court, N. D. Oklahoma.
Nov. 23, 1937.

T. L. Blakemore and E. C. McMichael, both of Sapulpa, Okl., and C. B. Rogers, of Tulsa, Okl., for Lucy Nail, Feney Rogers, and Senora Bruner.

Miller, Lytle & Wildman and Geo. H. Jennings, all of Sapulpa, Okl., for Edmond Burgess.

W. V. Pryor, of Sapulpa, Okl., for Alice May Bosen.

Wallace & Wallace and J. E. Thrift, all of Sapulpa, Okl., for American Nat. Bank.

Chester A. Brewer, Asst. U. S. Dist. Atty., of Tulsa, Okl., and Joe Brown, of Muskogee, Okl., for the United States.

FRANKLIN E. KENNAMER and MURRAH, District Judges.

This suit was filed in the district court of Creek county, Okl., by heirs of Soma Sarte, deceased, against the American National Bank of Bristow, Okl., and Edmond Burgess and Alice May Bosen, now Morrison. The American National Bank of Bristow was designated as trustee in a trust instrument executed by Soma Sarte during her lifetime. Cash and securities in the approximate sum of $142,000, as well as personal property and real estate, were conveyed to the trustee by Soma Sarte, and the trustee, after the payment of taxes, costs of administration, and other expenses, was required to pay the net income from the trust property to Soma Sarte, in monthly or semi-monthly installments, not to exceed $600 a month, except where the trustee deemed it advisable to pay the same. The trustee was authorized to use as much of the principal as was necessary, if the income from the trust property was insufficient to pay the expenses and allowances provided in the trust. The trust instrument further provided that in the event Soma Sarte died without issue of her body surviving, that the trust estate should continue and the income therefrom was to be paid to Edmond Burgess, her husband, and Alice May Bosen, her adopted daughter, during their lifetimes, and upon the death of either Edmond Burgess or Alice May Bosen, the whole of the income from the estate was to be paid to the survivor; and, in the event of the death of both beneficiaries, the trust estate was to descend to and be divided among the heirs of Soma Sarte, according to the laws of descent and distribution in force in the state of Oklahoma. Plaintiffs allege that Soma Sarte died without issue of her body, and that the trustee, in disregard of the rights of plaintiffs, who were contingent beneficiaries, had dissipated the corpus of the trust estate by paying to the defendants Alice May Bosen and Edmond Burgess, and to their attorneys, sums of money in excess of $20,000, which was far in excess of the income from the trust estate; and further that the trustee had conveyed to Edmond Burgess from the estate 80 acres of land specifically described therein. It was charged that the trustee had violated the duties imposed upon it as trustee, and that it should be removed as such trustee and should be required to account for all of its disbursements.

The complainants are fullblood Creek Indians; the defendant Alice May Bosen is likewise a fullblood Creek Indian; the defendant Edmond Burgess is of half Creek Indian blood; the deceased, Soma Sarte, was a fullblood Creek Indian.

In accordance with the Act of Congress approved April 12, 1926, (44 Stat. 239), being an act amending section 9 of the Act of Congress of May 27, 1908 (35 Stat. 315), notice was duly served upon the Superintendent of the Five Civilized Tribes of the pendency of this action (section 3), and the United States of America, at the request of the Secretary of the Interior, filed a petition for removal of the cause to the United States District Court. The cause was thereupon removed to this court.

The facts, established at the trial, are that one Lucy Poloke, a fullblood Creek Indian, received an allotment of land in the Creek Nation, which was subsequently leased for oil and gas development, and which land became productive of oil, resulting in the accumulation in the hands of the Secretary of the Interior of the approximate sum of $178,000 in royalties. She died during the year 1925, and left surviving her Soma Burgess, née Sarte, her daughter. In June, 1929, Soma Sarte, joined by her husband, Edmond Burgess, executed the trust agreement involved herein, which was duly approved by the Secretary of the Interior on the 22d day of July, 1929. Thereafter, the approximate sum of $142,000 was transferred from the Secretary of the Interior to the American National Bank of Bristow, as trustee. In addition to the money, the trust property consisted of the allotment of Lucy Poloke and two tracts of land which had been purchased on a restricted form of deed.

On July 7, 1934, and subsequent to the creation of the trust, Soma Burgess, née Sarte, executed a codicil, which was offered for probate upon the death of Soma

Burgess, née Sarte. The county court of Creek county admitted the codicil to probate, and an appeal was taken from that judgment to the district court, and the judgment of the county or probate court was duly affirmed. The district court determined that the property covered by the trust agreement was not affected by the codicil. The codicil undertook to divest Edmond Burgess, husband of Soma Sarte, of his right to participate as a beneficiary under the trust, and to divest him of any interest in the estate of his wife.

Edmond Burgess instituted a suit in the district court of Creek county, Okl., against the American National Bank of Bristow, and Alice May Bosen, now Morrison, for the purpose of vacating the trust agreement. He alleged want of mental capacity of Soma Sarte to execute the trust agreement, as well as the use of undue influence, fraud, and coercion, in obtaining the execution of the trust agreement. The petition attacked the will of Soma Sarte, and charged that he, as surviving husband, was entitled to inherit the entire estate. The purpose of the action was to defeat and terminate the trust, and to deprive the adopted daughter, a fullblood member of the Creek Tribe, of her right to participate in the estate, as well as to divest all of the other heirs of the deceased of their right to participate in the estate. The action was compromised by the filing of a written stipulation in the case, and a decree being entered thereon, by the terms of which $10,000 was paid to Edmond Burgess, and 80 acres of land was conveyed to him, being assets of the trust estate. The evidence established that $5,000 of the sum paid to Edmond Burgess was paid to his attorneys as compensation for their services, and that a portion of the remaining $5,000 was paid to discharge obligations of Edmond Burgess. The evidence further showed that the trustee paid the total sum of $4,500 to attorneys as compensation for services in the litigation. The evidence further shows that, considering these disbursements, the trustee had paid out sums in excess of the income from the trust estate after the death of Soma Burgess, née Sarte. After the institution of the suit in the district court, the trustee filed its application for directions, and the district court of Creek county, having general equity powers, directed the trustee, by appropriate decree, to preserve the trust by paying the sum of $10,000 and conveying the 80 acres of land to Edmond Burgess. It also directed the payment of the attorney fees from the trust estate.

The United States of America, by its intervention, seeks the removal of the trustee and the return of all of the property involved in the trust to the Secretary of the Interior, to be administered by him in accordance with the terms of the trust agreement.

The only ground upon which the removal of the trustee is sought is the alleged violation of the terms of the trust by paying out to the beneficiaries sums in excess of the income from the trust property.

It is contended that the property held in trust is restricted. There can be no doubt but that the assets, prior to their transfer to the trustee, were restricted, being held in trust by the Secretary of the Interior for Soma Sarte, a fullblood Creek Indian. However, upon the approval of the trust agreement by the Secretary of the Interior and the transfer of the funds and property to such trustee, such restrictions were removed and modified to the extent of permitting the trustee to administer such property in accordance with the trust agreement. In this connection, it should be noted that the trust agreement required the trustee to make and file with the Superintendent of the Five Civilized Tribes a semiannual report of all its transactions under the trust. The Secretary of the Interior approved the trust agreement upon conditions imposed with respect to the compensation to be charged by the trustee, and retained a supervisory control over the trust funds and assets. Failure of the trustee to report to the Superintendent of the Five Civilized Tribes semiannually, or maladministration, or disregard by the trustee of the trust obligations, will afford grounds for action by the Secretary of the Interior. However, in this connection the Secretary of the Interior, and the United States of America, are bound by the trust agreement, and can have relief only when any other litigant, in a similar situation, could be afforded legal relief. The restrictive character of the assets does not permit the Secretary of the Interior to retake possession without legal grounds therefor, and neither does it permit arbitrary action for the termination of the trust. In other words, conduct and action of the trustee in this case is to be measured by the same principles of law and rules of equity as

are applicable in other express trusts involving individuals.

The trust involved herein was created, in legal effect, by Soma Burgess, who became the beneficiary thereunder during her life. Provision was made for other beneficiaries upon her death. It is insisted by the defendants that this constituted a testamentary trust, and that the creator or settlor of the trust had the right, by codicil, to revoke or alter the disposition of the trust after her death. In this connection, the codicil involved in this case provided for the elimination of Edmond Burgess, husband of the settlor of the trust, from participating as beneficiary, and also divesting him of any share in the estate of his wife.

It is often difficult to determine whether a trust is a testamentary or a present conveyance. Certainly, the trust involved in this case is testamentary in its nature, but it is our opinion that the trust cannot be regarded as a testamentary trust. In order to constitute it testamentary, the instrument must disclose an intention of the maker that it should be operative as a conveyance or disposition of property only upon her death. If a present conveyance is accomplished, although interests in future assets are created, the instrument constitutes a present conveyance and is not a will. In this case, a conveyance was made to the trustee and the creator parted with title upon the execution of the trust; the Secretary of the Interior made the conveyance and supervised the creation of the trust. In fact, the funds were held in trust by the Secretary of the Interior for Soma Sarte, and a transfer was made under a definite trust agreement. See Shukert v. Allen, 273 U.S. 545, 47 S.Ct. 461, 71 L.Ed. 764, 49 A.L.R. 855; May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244; Neves v. Scott, 9 How. 196, 13 L.Ed. 102; Roberts v. Taylor (C. C.A.) 300 F. 257; Boyd v. United States (D.C.) 34 F.2d 488; Tait v. Safe Deposit & Trust Company (C.C.A.) 74 F.2d 851. The codicil was, therefore, ineffective to alter the trust agreement or to divest Edmond Burgess, husband, from his right to participate as a beneficiary under the trust. However, Edmond Burgess, by his conduct, abandoned his rights in the trust property. This will be discussed subsequently.

It is urged that the district court of Creek county was without jurisdiction or authority to give validity to the stipulation, and the trustee was without authority to pay the settlement sum of $10,-000 and convey the 80 acres of land, under the trust. It is also insisted that the district court of Creek county was without power to terminate the trust as to the beneficiary, Edmond Burgess. Edmond Burgess is the surviving husband of the deceased, Soma Sarte. Although the trust was a present conveyance and was not a testamentary disposition, still the assets were conveyed in trust for the benefit of Soma Sarte during her life, and for the benefit of her heirs after her death. The assets conveyed in trust were the sole and separate property of Soma Sarte, and she could make disposition of them during her life by gift or otherwise, and her heirs, not having any vested interest in such properties, could have no control over such disposition. On the other hand, if the disposition, by conveyance in trust, were construed to be a testamentary disposition, upon the death of Soma Sarte, the creator of the trust and the sole beneficiary during her lifetime, such conveyance would have amounted to a disinheritance, because it attempted to limit the daughter and the husband to the income of the estate for their lives, and then over to other parties. A surviving spouse cannot be deprived of his portion in the estate. See In re Byford's Will, 65 Okl. 159, 165 P. 194; Battiest v. Wolf, 97 Okl. 212, 223 P. 661; Anglin v. Patterson, 121 Okl. 106, 248 P. 632.

A devise in trust by a wife to a husband of his one-third share has been held void, as the husband has a right to the immediate control and possession of his interest upon the death of the wife. Hill v. Buckholts, 75 Okl. 196, 183 P. 42.

Aside from the questions presented with respect to there being a testamentary disposition, the evidence showed that Soma Sarte was a fullblood member of the Creek Tribe of Indians, and was incapable of transacting business. Serious charges were made in the action instituted by Edmond Burgess, and the establishment by evidence of any of those charges would have resulted in the setting aside of the trust. The trustee, as well as Alice May Bosen, were faced with possible destruction of the trust. The entire matter was presented to the district court of Creek county, where the action was pending. The trustee sought directions, and the district

court of Creek county undoubtedly, upon being advised in the premises, deemed it expedient and proper to preserve the trust. This court will not assume that the district court of Creek county would have permitted the payment of trust funds in settlement of a pending law suit, unless it was impressed with the possibility of termination of the trust. We must assume that the district court of Creek county approved the settlement only upon sufficient showing as to the propriety thereof, as well as being convinced of the possibility of destruction of the trust. It is well established that a court of equity has power to do whatever is necessary to preserve a trust from destruction, and, in the exercise of such power, it may, under appropriate circumstances, modify the terms of a trust to preserve it. See New York Life Insurance Company v. O'Brien (D.C.) 27 F.2d 773; Matter of Pulitzer's Estate, 139 Misc. 575, 249 N.Y.S. 87; Rose v. Southern Michigan National Bank, 255 Mich. 275, 238 N.W. 284; Stephens v. Collison, 274 Ill. 389, 113 N.E. 691, Ann.Cas.1918D, 559. Great caution should be exercised by a court of equity in modifying the terms of a trust, even for the purpose of preserving it, and the intention of the settlor must be given great respect. In the instant case, the settlor clearly evidenced a desire and intention of providing for her adopted daughter. The codicil undertook to eliminate the husband as a beneficiary, and sought to make the adopted daughter the sole beneficiary during her life. The preservation of the trust by the district court of Creek county, in order to provide the income from the trust to Alice May Bosen for her life, even at the expense of paying $10,000 of trust funds and conveying 80 acres of land, in settlement, is carrying out the intention of Soma Sarte. Modification of the terms of a trust by a court of equity in order to preserve it has been justified by the courts by the existence of some emergency which makes the action of the court in a sense indispensable to the preservation of the trust, and in such cases the court may do with the trust fund what the settlor would have done had she anticipated the emergency. We cannot say that Soma Sarte would not have adjusted such a controversy with her husband. The evidence discloses that she desired to make provision for her adopted daughter by giving her the income from the trust during her lifetime, and by the codicil that she desired to eliminate her husband from participation in the trust. It is reasonable to presume that she would have paid a reasonable sum in order to accomplish her wish. We therefore conclude that the district court of Creek county properly authorized the payment of $10,000 and the conveyance of 80 acres of land from trust assets, in order to preserve the trust. See Lent v. Title & Trust Company, 137 Or. 511, 3 P.2d 755; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Young v. Young, 255 Mich. 173, 237 N.W. 535, 77 A.L.R. 963; Cary v. Cary, 309 Ill. 330, 141 N.E. 156; Weakley v. Barrow, 137 Tenn. 224, 192 S. W. 927; Post v. Grand Rapids Trust Company, 255 Mich. 436, 238 N.W. 206; Upham v. Plankinton, 152 Wis. 275, 140 N.W. 5, 48 L.R.A.(N.S.) 1004, Ann.Cas.1914C, 376.

The case of Hill v. Hill, 49 Okl. 424, 152 P. 1122, 1123, is relied upon by complainants in support of their contention that the district court of Creek county was without jurisdiction to give validity to the stipulation, which it is contended operated to terminate the trust as to the beneficiary, Edmond Burgess. In the cited case, it was undertaken to substitute an agreement between the beneficiaries, acquiesced in by the trustee, for the expressed intention of the testator with respect to the administration. The Supreme Court of Oklahoma refused to permit the trustee to do an act in violation of the terms of the trust, although agreed upon. The court refused to ignore and to nullify the intention of the testator, and refused to permit the trustee and beneficiaries, by agreement, to void the trust provisions. The cited case applied to a valid active trust. In the instant case, as a suit has been filed to terminate the trust, a court of equity modified its terms in order to preserve it. The modification came about by a stipulation and an agreed judgment in the district court of Creek county, but the same was approved only after the district court was satisfied that the same was necessary in order to preserve the trust. In the cited case, the trust was not under attack, but the Supreme Court of Oklahoma expressly declared that the trust was valid, but refused to permit, by agreement of beneficiaries and trustee, the termination of the trust contrary to its provisions.

Where the trust estate may be totally lost to the beneficiaries by reason of

a contingency, equity will not permit such loss for lack of power to modify the trust. It is sufficient that the estate may be totally lost, or in grave danger of loss, for equity to aid in its preservation. See, Suiter v. McWard, 328 Ill. 462, 159 N.E. 799; Cary v. Cary, supra.

The payment of the $10,000 and the conveyance of the 80 acres of land, in settlement, to preserve the trust, as well as payment of attorneys fees, had the approval of the district court of Creek county, Okl. These were disbursements, in modification of the trust, and in excess of the income therefrom. There was no showing that the attorney fees which were paid were not earned, or that such fees were unreasonable. The Supreme Court of Oklahoma, in Re Trusteeship of Vance, 102 Okl. 129, 227 P. 881, held that payments made honestly and in good faith by a trustee, and for the actual benefit of the beneficiary, should be allowed on final account, even though the amounts were erroneously paid out under the direction of the district court. It is unnecessary for us to determine whether this court shall go so far in approving accounts of a trustee, as we are only here concerned with the legal necessity for removing the trustee and obtaining its final account. Certainly, if such items are allowed on final account, no ground exists for removing the trustee. In this case, it has not been shown that any amounts were erroneously paid by the trustee. There is no showing that the items should not have been paid in order to preserve the trust.

Trustees are entitled to be allowed their reasonable costs and expenses, including counsel fees, in administering or defending the trust. Garvey v. Owens, 58 Hun 609, 12 N.Y.S. 349; Lape's Adm'r v. Jones (Ky.) 15 S.W. 658. In suits for accounting, the costs and expenses are chargeable generally against the principal rather than the income of the trust. See Chisolm v. Hammersley, 114 App.Div. 565, 100 N.Y.S. 38, 39; In re Petremont's Will, 213 App.Div. 318, 210 N.Y.S. 379. It is unnecessary for us to indicate the method of accounting by the trustee, whether such expenses be borne from the principal rather than the income of the trust, since the district court, in order to preserve the same, ordered the payments from the trust assets.

The reasons assigned for the removal of the trustee were, payments of attorney fees, not only to attorney representing the trust, but also of attorneys representing Alice May Bosen, the adopted daughter and beneficiary under the trust, and for the payment of the sum of $10,000 and the conveyance of 80 acres of land to Edmond Burgess, since these sums are in excess of the income realized from the trust. Certainly the sums advanced for the payment of attorney fees for the beneficiary Alice May Bosen will be charged against her account, and such advances will be deducted from the income of the trust. Payment of attorney fees in defense of the trust should be allowed as expenses of administration.

Edmond Burgess assumed a position inconsistent with the continuation of the trust by filing the lawsuit and undertaking to terminate and void the trust instrument. He has waived his right to enforce the trust or to participate in it as a beneficiary, because he abandoned the trust and clearly indicated his intention to not recognize the same. His conduct clearly gives rise to an estoppel against his further participation therein. See Church v. Swetland (C.C.A.) 243 F. 289; Shelley v. Purdy (C.C.) 25 F. 370; Laughlin v. Mitchell (C.C.) 14 F. 382. The acts of Edmond Burgess clearly established his intention to abandon his rights in the trust property. A court of equity will not permit a beneficiary to attack a trust, seek to terminate the same, accept a sum in settlement, and then ask to be permitted to participate in the trust as it was originally established. His conduct does not warrant equity in lending aid, even if his acts had not completely and fully estopped him from further participation. Complainants submit the case In re Wentworth, 230 N.Y. 176, 129 N.E. 646, 649 in support of their defense against estoppel. The cited case merely holds that a cestui que trust, who is prohibited from obtaining his interest by direct conveyance, cannot indirectly accomplish such alienation through estoppel by consenting to the trustee's conveyance. It holds that parties cannot do indirectly what they cannot do directly, and cannot assert by estoppel a means of obtaining direct conveyance of property where such alienation was prohibited. The case involved a consent. In the instant case, Edmond Burgess is estopped because the element of consent is absent in this case. His action was hostile in its nature and effect, and he obtained trust assets

directly, in order that a court of equity might preserve a trust which he sought to end. The cited case is not applicable, because of the reasons stated.

We therefore conclude that the trustee has not done acts inconsistent with the trust. No reason or ground has been presented for the removal of the trustee. Because the district court of Creek county, Okl., has approved the disbursements which are attacked herein, no accounting will be required of the trustee. All questions with respect to the accounts can be disposed of upon the filing of the final account by the trustee.

Decree may be entered for defendants.