Clifford H. Mead et al., Appellees, v. Edith Phelps Garrison et al., Appellees, and Kellogg McClelland, Treasurer of Knox College et al., Appellants.

Gen. No. 10,331.

Opinion filed August 17, 1949.  Rehearing denied October 5, 1949.  Released for publication October 7, 1949.

STUART, NEAGLE & WEST, of Galesburg, for appellants.

CLYDE M. WEST, of Peoria, for plaintiff appellee.

· SPAULDING & SPAULDING, of Princeton, and BLACK, BLACK & BORDEN, of Peoria, for certain defendants appellees.

RUSSELL, RUSSELL & RUSSELL, of Princeton, for certain defendant appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Defendant, Kellogg McClelland, Treasurer of Knox College, is appealing from a decree of the circuit court of Bureau county, ordering the payment of a portion of the proceeds from the sale of certain real estate held by plaintiff, Clifford H. Mead, as trustee, to the residuary legatees under the will of Mary Z. Hinman, and the return of $9,000 to the defendant legatees from the College, which sum had been received by it as income from a trust.

The primary inquiry presented on this appeal is whether the residuary legatees are entitled to any portion of the proceeds from the sale of the real property held in trust under the will of Mary Z. Hinman, and pursuant to a prior decree of the court.

The testatrix died on February 24, 1929, and plaintiff, Clifford H. Mead, was named executor and trustee under her will.  After the enumeration of certain

specific bequests therein, which were made a charge on the real estate, the will created a trust in paragraphs 12 and 13 whereby the testatrix directed that Clifford H. Mead be paid the sum of $50,000, as trustee, to be held in trust for a period of 21 years, with instructions to invest the sum in farm mortgages, and pay the income therefrom to the Treasurer of Knox College for the creation of the Hinman Scholarship Fund for worthy students. Upon the expiration of 21 years, the principal was to be turned over to the College.

The will further contained a residuary clause, which provided that the remainder of the estate should be converted into cash as soon as possible, taking into consideration the return to be had therefrom, and divided among certain designated beneficiaries.

Plaintiff, Clifford H. Mead, as executor and trustee under the will, took possession of all the assets of the estate and proceeded with due administration. The estate was open for six years, during which time no payments were made to the trust fund. On January 9, 1935, plaintiff filed a complaint in the circuit court, individually and as executor and trustee under the will, to which he made the defendant, Kellogg McClelland, Treasurer of Knox College, the trustees thereof, and the residuary legatees, parties defendant to the proceeding. Although defendants were properly served, they all defaulted, and judgment was entered as prayed for in the complaint.

Plaintiff enumerated therein the assets and payments made in winding up the estate of Mary Z. Hinman. He alleged that the trust had not been set up pursuant to paragraph 12 of the will, that there had been no opportunity to sell the real estate, nor could it be sold advantageously at the present time, and that the remaining assets of the estate, including the real estate, were considerably less than the designated $50,000.

He represented, further, that it would be in accordance with the desires of the testatrix for the remaining assets to be held by him, as trustee, under paragraph 12 of the will, enumerating certain assets which should be paid to the Treasurer of Knox College as income of the trust, and others to be held as corpus, with the income therefrom to be paid as trust income.

In his prayer for relief, the trustee specifically requested that he be ordered to hold as corpus of the trust a particular note, some 25 shares of stock, a contract for a deed, and the farm lands which are the subject of controversy. He further requested that he be ordered to pay the college as income from this trust, the interest from the note, the stock, the contract, and the net income from the farm lands. For his services as trustee, he asked that payment be allowed.

The order of the court, entered April 8, 1935, granted precisely the relief requested, and the findings closely patterned the complaint. Under the decree the court took jurisdiction of the trust; recognized that the remaining assets were less than $50,000 and that the land could not be sold advantageously at that time. The court ordered that it would be in accordance with the intention of the testatrix to hold the remaining assets, including the farm lands, as corpus of the trust established under the will, and that until such time as said lands are sold pursuant to the order of the court, the net income of said farm, and of the other assets found to be a part of the corpus, should be paid annually to the Treasurer of Knox College, as income of the trust.

The court ratified the trustee's acts, authorized him to manage and preserve the trust estate, and directed him to enter a bond.

The estate of Mary Z. Hinman was closed on October 11, 1935, and the executor discharged. However, as trustee, plaintiff has paid the College, pursu-

ant to the decree of 1935, the income from the trust, amounting to $42,507.50.

On December 29, 1947, plaintiff, as trustee and executor under the will of Mary Z. Hinman, filed a petition for instructions, designating as defendants the same persons who were parties to the 1935 decree.

Plaintiff alleged therein that a trust was never established under the will of Mary Z. Hinman; the provisions of paragraphs 12, 13, 14, 15, 16, and 17 were not complied with; that while heretofore the land would not have brought an amount sufficient to establish the trust, now they could be sold for considerably more than $50,000 and the excess be made available to the residuary legatees.

Moreover, plaintiff alleged, inasmuch as the testatrix did not anticipate the depression with the depreciate farm prices, and resulting inability to create the $50,000 fund, and the ensuing payment of rentals from the land, in lieu of interest from farm mortgages, the trustee needed further instructions. The court was also requested to construe the will which, plaintiff alleged, was vague and indefinite, and to determine the interest rate in computing the sum to which the College is entitled.

In reply thereto, the defendant, Kellogg McClelland, maintained that a trust had been established, that the residuary legatees had no interest in the real estate designated as part of the corpus of that trust, that the trustee did not need instructions in carrying out the provisions of the trust or in determining any interest rate.

The residuary legatees filed a counterclaim against the defendant College, contending that the latter should be required to account for the income received, and return to the trustees any sum in excess of the proper interest allowance. They demanded, further, that the court set up the $50,000 trust and pay them

the balance of the estate under paragraph 14 of the will.

Pursuant to a stipulation between the parties, the court ordered and approved a sale of the farm lands for $83,811, and the trustee now holds $100,559.81 available for distribution.

After a hearing, at which the prior proceedings were considered part of the evidence, along with the testimony of witnesses, over objection, as to land values and interest rates through the intervening years, the court entered a decree ordering the trustee to segregate $50,000 to establish the trust fund provided for under paragraphs 12 and 13 of the will of Mary Z. Hinman, which fund shall be accelerated, and paid to Knox College, with the excess available for the residuary legatees.

It was further ordered that Knox College pay the plaintiff $9,191.65, constituting the difference between the sum paid as income from the trust, and the amount which would have been paid at the prevailing rate of interest on $50,000 during the years. From this decree, the defendant, Kellogg McClelland, Treasurer of Knox College, appeals.

It is a cardinal principle of law that the intention of the testator is controlling in construing wills. (*Jackman v. Kasper*, 393 Ill. 496; *Glaser v. Chicago Title & Trust Co.*, 393 Ill. 447.) The intention of Mary Z. Hinman, as expressed in her will, is unambiguous and unmistakable. After enumerating certain specific bequests which were made a charge upon the land, she endeavored to establish a trust in memory of her deceased daughters, for the benefit of deserving students of Knox College. Under its terms, her executor, Clifford H. Mead, was to be trustee of a fund of $50,000 to be invested in farm mortgages, from which the college would receive the interest over a period of 21 years, which was to be devoted to a scholarship

fund, and thereafter, the trustee was to transfer the title and pay the principal to the College.

As hereinbefore reviewed, the testatrix died on February 24, 1929, and the estate was administered and held open during the ensuing years of economic depression and depreciated assets. On January 9, 1935, the plaintiff filed the aforementioned complaint to which all the defendants herein were made parties. The findings and order of the court were substantially the same as plaintiff's representations and prayer for relief.

Plaintiff alleged, and the court found that after six years the trust had not yet been set up, that the remaining assets did not amount to $50,000, and that the land could not be sold advantageously at the present time. The court, therefore, ordered, pursuant to plaintiff's request, to which the residuary legatees and the College acceded by virtue of their default after proper service, that the remaining assets of the estate be designated as the corpus of the trust, except those assets indicated as trust income. These remaining assets included a note, some shares of stock, a contract for a deed, and all the farm lands. They were to be held by the trustee until the further order of the court, and the net income of the farm lands and the other assets constituting the corpus were to be paid annually to the College as trust income, under the will, in accordance with plaintiff's prayer for relief.

The decree reiterated plaintiff's allegation that this plan would be in accordance with the intention of the testatrix. Furthermore, inasmuch as all the remaining assets were recognized by all parties as well as the court to be less than the $50,000 designated for the trust, the allocation of these remaining assets to the trust, of necessity excluded the residuary legatees from asserting any interest therein.

This is readily apparent from the terms of the order, which provided:

"It is further ordered . . . by the court that the farm lands . . . are a part of the corpus of said trust, and shall be held by said trustee until the further order of this court, and that the net income of such farm lands, and of the other assets herein decreed to be a part of the corpus, shall be paid annually to the treasurer of Knox College as income of the trust."

■ The phrase, "until further order of the court," had reference to the continuing jurisdiction of the court over the administration of the trust, and for the obvious purpose of converting the real estate whenever it would be expeditious and advantageous, and for terminating the trust and approving the final account. There is nothing in the decree, either in express terms or by implication, which suggests that this phrase meant that the land was to be held for the benefit of the trust and the residuary legatees under the will, or that the trust corpus could thereafter be diverted as assets of the estate, and the estate reopened.

In the light of these proceedings, and particularly the fact that the court allowed plaintiff compensation as trustee in accordance with his request, it is not clear to this court just how plaintiff can allege in the petition that no trust had yet been established, some 18 years after the death of the testatrix.

■■ Furthermore, the action of the court in the 1935 decree, providing that the land be held, apparently in lieu of its converted cash value, was legally proper, inasmuch as a court of equity has power to do whatever is necessary to preserve the trust, and in the exercise of such power it may modify the terms thereof. (*Suiter v. McWard,* 328 Ill. 462; *Cary v. Cary,* 309 Ill. 330; Ch. 3, par. 361, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 110.458].) In the instant case, it was recognized by all parties as well as the court that since the property could not be sold advantageously at the present time, the proposed plan would be consistent with the intention of the testatrix, and,

therefore, there was ample justification for decreeing that the property be held.

It is readily apparent that none of the parties to that proceeding contemplated that the assets would exceed $50,000. However, when land values soared, the trustee filed the petition of 1947 for instructions, so that the will could be construed again, and a trust established as of the present time, whereby the estate would be reopened and the residuary legatees under the will could share in the distribution of funds available from the increased value of the land.

The trial court, pursuant to a stipulation, authorized the sale of the land, which brought some $83,000 and plaintiff and the other residuary legatees claim they are entitled to the sum in excess of $50,000. The trial court sustained this contention in the order which defendant, Kellogg McClelland, has appealed.

It is our opinion that the determination of the court was erroneous. The decree of 1935 construed the will, and established the trust precisely in accordance with what the plaintiff, as residuary legatee, executor and trustee, and the other parties, agreed were the intentions of the testator in the light of the changed circumstances caused by the depression. This decree determined that the farm lands were of appreciably less value than the $50,000 designated for the trust by the testatrix. By determining that all the remaining assets of the estate constituted the corpus of the trust, the court necessarily held that the residuary legatees had no interest in these assets. This decree was *res adjudicata* and binding upon all parties as to the construction of the will and the establishment of the trust fund. (*Isabet v. Scott*, 286 Ill. App. 24; *Charles E. Harding Co. v. Harding*, 352 Ill. 417.)

It is equally well established that the corpus of the trust includes not only the property which originally comes into the trustees hands, but its enhanced value. (*Vanatta v. Carr*, 229 Ill. 47; 65 C. J. 857-859).

■ ■    Although courts endeavor to adjudicate rights in accordance with the alleged testamentary intention, that intention cannot be reascertained and relitigated with each varying economic wind, in violation of established rights and rules of law. Inasmuch as the trustee, pursuant to a plan to conserve the corpus of the trust sanctioned by a decree of the court, held the lands as the corpus of the trust, the mere fact that the property increased in value cannot be construed to nullify the trust and restore the parties to the position in which they found themselves prior to the decree of 1935.

Under this analysis of the cause, it is our judgment that the decree of the circuit court was in error, and the cause should be reversed and remanded with instructions to enter a decree in accordance with the views expressed herein.

*Judgment reversed and remanded.*